UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID WAYNE WILSON,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>LURA MERRITT, et al.,<br><br>　　　　　Defendants. | Case No.: 1:22-cv-00455-BAK (GSA) (PC)<br><br>**ORDER GRANTING PLAINTIFF'S APPLICATION TO PROCEED *IN FORMA PAUPERIS***<br><br>(Doc. 10)<br><br>**ORDER DIRECTING PAYMENT OF INMATE FILING FEE BY CALIFORNIA DEPARTMENT OF CORRECTIONS** |

Plaintiff David Wayne Wilson is appearing *pro se* in this civil rights action brought pursuant to 42 U.S.C. § 1983.

**I.　　BACKGROUND**

On April 18, 2022, Plaintiff filed this action in the United States District Court for the Northern District of California. (Doc. 1.) The action was transferred to this Court on April 19, 2022. (Docs. 5, 6.)

On April 26, 2022, Plaintiff was ordered to submit an application to proceed *in forma pauperis* (IFP) or to pay the filing fee. (Doc. 9.) He was given thirty days within which to file the IFP application or to pay the filing fee. (*Id.*)

On May 2, 2022, Plaintiff filed his application to proceed IFP. (Doc. 10.)

**II.     DISCUSSION**

Plaintiff is subject to 28 U.S.C. § 1915, which provides that "[i]n no event shall a prisoner bring a civil action . . . under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

Because Plaintiff has accrued three "strikes" under section 1915(g),[1] Plaintiff must show that he is under imminent danger of serious physical injury at the time of the filing of his complaint in order to bring this action. *Andrews v. Cervantes*, 493 F.3d 1047, 1053-1056 (9th Cir.2007). "[T]he availability of the [imminent danger] exception turns on the conditions a prisoner faced at the time the complaint was filed, not at some earlier or later time." *Id.* at 1053. While the injury requirement is merely procedural rather than a merits-based review of the claims, the allegations of imminent danger must still be plausible. *Id*. at 1055.

Plaintiff has made that required showing and the Court will grant his motion.

**A.  Plaintiff's Complaint**

Plaintiff's complaint[2] asserts a claim of deliberate indifference to medical needs in violation of the Eighth Amendment. Plaintiff contends medical professionals at the California Substance Abuse Treatment Facility (SATF) in Corcoran refuse his requests for medical treatment, including failing to comply with "Guidelines for Cocci Valley Fever"[3] in light of

---

[1] The Court takes judicial notice of the following United States District Court Cases: (1) *Wilson v. Tilton*, Case No. 2:06-cv-01031-LKK-PAN (E.D. Cal.) (dismissed September 12, 2006, for failure to state a claim); (2) *Wilson v. Schwartz,* Case No. 2:05-cv-01649-GEB-CMK (E.D. Cal.) (dismissed October 31, 2006, for failure to state a claim); (3) *Wilson  v. Dovey*, Case No. 2:06-cv-01032-FD-EFB (E.D. Cal.) (dismissed March 8, 2007, for failure to state a claim); and (4) *Wilson v. Veal*, Case No. 2:06-cv-00067-FCD-KJM (E.D. Cal.) (dismissed June 4, 2007, for failure to state a claim). *See Belanus v. Clark*, 796 F.3d 1021 (9th Cir. 2015).

[2] Plaintiff used a form complaint initially (Doc. 1 at 1-3) and supplemented the form with a document entitled "Complaint for Injunctive and Declaratory Relief for Imminent Danger for Inadequate Medical Health No Doctor B-Facility Clinic Where Nurse Practitioner Misdiagnose and Valley Fever Prison Retains African Americans for Morbidity and Death and No Mitigation of Inhalation Cocci Fungus Spores" (Doc. 1 at 4).

[3] "Valley fever is an infection caused by the fungus *Coccidioides*. The scientific name for Valley fever is 'coccidioidomycosis,' and it's also sometimes called 'San Joaquin Valley fever' or 'desert rheumatism.' The term 'Valley fever' usually refers to *Coccidioides* infection in the lungs, but the infection can spread to other parts of the body in severe cases (this is called 'disseminated coccidioidomycosis'). [¶] … Certain groups are at higher risk for

applicable high-risk factors due to Plaintiff's race and medical status. (Doc. 1 at 2, 13 [first cause of action].) Plaintiff also asserts a claim of retaliation. (Doc. 1 at 14 [second cause of action].) Next, Plaintiff alleges a violation of his constitutional rights "for Cocci/Valley Fever retention," arguing he should be excluded from residing at the institution as it is in a "Cocci 2" area. (Doc. 1 at 3, 14 [third cause of action].) Plaintiff further contends he was denied equal protection where named defendants intentionally discriminated against "him & others similarly situated based on increased risk severe cocci disease that includes ethnicity of African Americans as plaintiff to be excluded from race-based housing [] distinguishable under Plata Courts policy of membership." (Doc. 1 at 14-15 [fourth cause of action].) Plaintiff also asserts equal protection claim under state law and a deliberate indifference claim against "supervisory defendants." (Doc. 1 at 15 [fifth & sixth causes of action].)

In his prayer for relief, Plaintiff lists a series of twenty varied requests, including five that specifically address Plaintiff's high-risk status for contracting Valley Fever and actions that should be taken to address Valley Fever concerns at SATF or Plaintiff's exposure to Valley Fever. (Doc. 1 at 16-18.) In a verification signed and dated April 13, 2022, Plaintiff states, in relevant part: "I am the Plaintiff for Complaint for Injunctive and Declaratory Relief for Imminent Danger for Inadequate Medical Health No Doctor B-Facility Clinic where Nurse Practitioner Misdiagnose and Valley Fever Prison Retains African Americans for Morbidity and Death and No Mitigation of Inhalation Cocci Fungus Spores …." (Doc. 1 at 18.)

### B. The Imminent Danger Exception

Liberally construed, Plaintiff plausibly alleges in his complaint that he is in imminent danger of serious injury. Plaintiff contends he is at high-risk to contract Valley Fever and that medical professionals at the facility are ignoring policies and procedures in place that would preclude Plaintiff from living at his current facility due to the risk posed to him by Valley Fever.

At this stage of the proceedings, where the Court is considering Plaintiff's application to proceed IFP, the merits of Plaintiff's claims are not considered. Rather, as the Ninth Circuit Court

---

developing severe forms of the infection …. [P]eople who are at higher risk for severe Valley fever should try to avoid breathing in large amounts of dust if they're in these areas." http://www.cdc.gov/fungal/diseases/coccidiopidomycosis/definition.html, last accessed 5/4/2022.

of Appeals held, the Court considers whether Plaintiff has plausibly demonstrated the existence of an imminent danger of serious physical injury. He has done so. *See Andrews v. Cervantes*, 493 F.3d at 1055.

Because Plaintiff has made the showing required by § 1915(a), his request to proceed *in forma pauperis* will be granted. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action. 28 U.S.C. § 1915(b)(1). Plaintiff is obligated to make monthly payments in the amount of twenty percent (20%) of the preceding month's income credited to Plaintiff's trust account. The California Department of Corrections is required to send to the Clerk of the Court payments from Plaintiff's trust account each time the amount in the account exceeds $10.00, until the statutory filing fee is paid in full. 28 U.S.C. § 1915(b)(2).

The Court notes Plaintiff's complaint will be screened in due course. *See* 28 U.S.C. § 1915A(a).

### III.  CONCLUSION AND ORDER

Accordingly, **IT IS HEREBY ORDERED** that:

1. Plaintiff's application to proceed *in forma pauperis* (Doc. 10) is GRANTED;
2. **The Director of the California Department of Corrections or his or her designee shall collect payments from Plaintiff's prison trust account in an amount equal to twenty percent (20%) of the preceding month's income credited to the prisoner's trust account and shall forward those payments to the Clerk of the Court each time the amount in the account exceeds $10.00, in accordance with 28 U.S.C. § 1915(b)(2), until a total of $350.00 has been collected and forwarded to the Clerk of the Court. The payments shall be clearly identified by the name and number assigned to this action**;
3. The Clerk of the Court is directed to serve a copy of this order and a copy of Plaintiff's *in forma pauperis* application on the Director of the California Department of Corrections, via the Court's electronic case filing system (CM/ECF); and

//

//

4. The Clerk of the Court is directed to serve a copy of this order on the Financial Department, U.S. District Court, Eastern District of California.

IT IS SO ORDERED.

    Dated: **May 4, 2022**                 **/s/ Gary S. Austin**
                                                 UNITED STATES MAGISTRATE JUDGE