UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID WAYNE WILSON,<br><br>  Plaintiff,<br><br>  v.<br><br>LURA MERRITT, et al.,<br><br>  Defendants. | Case No.: 1:22-cv-00455-AWI-BAK (GSA) (PC)<br><br>**FINDINGS AND RECOMMENDATIONS TO DENY PLAINTIFF'S MOTION FOR TEMPORARY AND INJUNCTIVE RELIEF**<br><br>(Doc. 2)<br><br>**14-DAY OBJECTION DEADLINE** |

Plaintiff David Wayne Wilson is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action brought pursuant to 42 U.S.C. § 1983.

On April 18, 2022, simultaneous with the filing of his complaint initiating this action, Plaintiff filed the instant "Motion for Temporary and Injunctive Relief for Imminent Danger Inadequate Medical Health No Doctor B-Facility Clinic Where Nurse Practioner [sic] Misadiagnose [sic] and Valley Fever Prison Retains African Americans for Morbidity and Death and No Mitigation of Inhalation of Cocci Fungus Spores." (Doc. 2.)

**I.     THE SUBSTANCE OF PLAINTIFF'S MOTION**

Plaintiff seeks an injunction for "exclusion of Plaintiff and African Americans from SATF B-Facility for cocci Valley Fever." (Doc. 2 at 3.) Further, Plaintiff asks that "prison SATF be made to make changes to its Buildings, Yard for protection of Shelter to prevent on-going

imminent danger of injury and harm by Defendant's non-compliance with their Rules and Regs for protection of Inhalation of cocci Dust and Fungus Spores." (*Id*.) Additionally, Plaintiff seeks an order directing that "B-Facility" prisoners "be seen by medical doctor for Nurse Practioner [sic] 'Not' doctor" who "refuses to listen," misdiagnoses following inadequate assessments and nurses who are deliberately indifferent "to 'Group Class' prisoners based on race discrimination and denial of Equal Protections under the law for adequate medical health care." (*Id*. at 2-3.) Plaintiff contends he "has shown the sliding scale tips in his favor and a Significant threat or irreparable injury to himself and others," asking the Court to take judicial notice of several cases, including "Plata v Newsom," "Coleman v. Newsom," "Armstrong v. Brown," Armstrong v. Newsom," and "Plata v. Brown." (*Id*. at 4.)  Plaintiff contends he "and African Americans meet" the Valley Fever exclusion policy "for SATF B-Facility, and also contends he and Others similarly situated will suffer future harm from cocci Valley Fever exposure." (*Id*. at 6.) Additionally, Plaintiff contends neither the doctors nor nurse practitioners at B-Facility listen, resulting in "improper assessment, diagnosis and evaluations," and that the nurses "show implicit bias for trained to be impartial to [P]laintiff and African Americans." (*Id*.) Finally, Plaintiff contends "prisoners are entitled to 'shelter which does not . . . threaten 'their mental and physical well being.'" (*Id*.)

## II.     APPLICABLE LEGAL STANDARDS

"A preliminary injunction is an extraordinary remedy never awarded as of right."[1] *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 24 (2008) (citation omitted). "A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Id.* at 20.

In addition, a "federal court may issue an injunction [only] if it has personal jurisdiction over the parties and subject matter jurisdiction over the claim; it may not attempt to determine the

---

[1] "The standard for a [temporary restraining order] is the same as for a preliminary injunction." *Rovio Entm't Ltd. v. Royal Plush Toys, Inc.*, 907 F. Supp. 2d 1086, 1092 (N.D. Cal. 2012) (citing *Stuhlbarg Int'l Sales Co. v. John D. Brush & Co.*, 240 F.3d 832, 839 n.7 (9th Cir. 2001) (citation omitted).

1  rights of persons not before the court." *Zepeda v. U.S. I.N.S.*, 753 F.2d 719, 727 (9th Cir. 1983).
2  "[A]n injunction must be narrowly tailored 'to affect only those persons over which it has power,'
3  . . . and to remedy only the specific harms shown by the plaintiffs, rather than 'to enjoin all
4  possible breaches of the law.'" *Price v. City of Stockton*, 390 F.3d 1105, 1117 (9th Cir. 2004)
5  (quoting *Zepeda*, 753 F.2d at 727, 728 n.1).

6        Furthermore, the pendency of this action does not give the Court jurisdiction over prison
7  officials in general. *Summers v. Earth Island Inst.*, 555 U.S. 488, 491–93 (2009*); Mayfield v.*
8  *United States*, 599 F.3d 964, 969 (9th Cir. 2010). The Court's jurisdiction is limited to the parties
9  in this action and to the viable legal claims upon which this action is proceeding. *Summers*, 555
10  U.S. at 491-93; *Mayfield*, 599 F.3d at 969.

11        A "federal court may issue an injunction [only] if it has personal jurisdiction over the
12  parties and subject matter jurisdiction over the claim; it may not attempt to determine the rights of
13  persons not before the court." *Zepeda v. U.S. I.N.S.*, 753 F.2d 719, 727 (9th Cir. 1983). "[A]n
14  injunction must be narrowly tailored 'to affect only those persons over which it has power,' . . .
15  and to remedy only the specific harms shown by the plaintiffs, rather than 'to enjoin all possible
16  breaches of the law.'" *Price v. City of Stockton*, 390 F.3d 1105, 1117 (9th Cir. 2004) (quoting
17  *Zepeda*, 753 F.2d at 727, 728 n.1).

18        **III.    DISCUSSION**

19        Initially, the undersigned notes Plaintiff appears to seek an injunction on behalf of he and
20  other African American inmates housed in B-Facility at the Substance Abuse Treatment Facility
21  ("SATF") in Corcoran. However, to the extent Plaintiff seeks relief on behalf of other prisoners,
22  he has no standing to do so. *See Singleton v. Wulff*, 428 U.S. 106, 114 (1976) ("Ordinarily, one
23  may not claim standing in this Court to vindicate the constitutional rights of some third party").
24  Plaintiff also may not represent a class of inmates in a putative class action. *See Simon v.*
25  *Hartford Life, Inc.*, 546 F.3d 661, 664–65 (9th Cir. 2008) ("As the district court accurately
26  pointed out, courts have routinely adhered to the general rule prohibiting pro se plaintiffs from
27  pursuing claims on behalf of others in a representative capacity"); *Claxton v. Ryan*, No. CV 11–
28  934–PHX–GMS (ECV), 2011 WL 2533554, at *1–2 (D. Ariz. June 27, 2011) (noting that pro se

1  plaintiffs "may not appear as an attorney for other persons in a class action"); *Reed v. Board of*
2  *Prison Terms*, No. C 03–2917 MMC PR, 2003 WL 21982471, at *1 (N.D. Cal. Aug. 8, 2003)
3  ("Pro se prisoner plaintiffs may not bring class actions because they are not adequate class
4  representatives able to fairly represent and adequately protect the interests of the class").

5  In any event, Plaintiff has not made a sufficient showing to warrant the granting of a
6  temporary restraining order or preliminary injunction.

7  First, no defendant in this action has been served with process. Until one or more of the
8  defendants have been served with process, this Court lacks personal jurisdiction over them and
9  may not grant the injunctive relief that Plaintiff requests. *See* Fed. R. Civ. P. 65(d)(2); *Murphy*
10 *Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 350 (1999); *Zepeda v. U.S. I.N.S.*, 753
11 F.2d at 727. At present, the Court has no actual case or controversy before it. *City of L.A. v.*
12 *Lyons*, 461 U.S. at 102.

### A. Likelihood of Success on the Merits

14 Next, even if this Court has personal jurisdiction over the named Defendants, Plaintiff has
15 not established that he is likely to succeed on the merits of his claims. *Winter v. Nat. Res. Def.*
16 *Council, Inc.*, 555 U.S. at 20. In deciding whether a preliminary injunction should issue, the
17 likelihood of success on the merits is the most important factor for the court to consider. *Disney*
18 *Enterprises, Inc. v. VidAngel, Inc*., 869 F.3d 848, 856 (9th Cir. 2017). Plaintiff's complaint has
19 not yet been screened as required by 28 U.S.C. § 1915A(a). This Court is one of the busiest
20 district courts in the nation. Complaints are generally screened in the order in which they were
21 filed; there are hundreds of *pro se* prisoner complaints pending screening in this Court. Plaintiff's
22 complaint will be screened in due course. Until Plaintiff's complaint has been found to state a
23 cognizable claim or claims against any named Defendant, a determination concerning the
24 likelihood of Plaintiff's success on the merits of his claims cannot be made.

25 //
26 //
27 //
28 //

4

**B.  Irreparable Harm**

Plaintiff must demonstrate that he is likely to suffer irreparable harm in the absence of preliminary relief. *Winter*, 555 U.S. at 20. Here, Plaintiff claims "a Significant threat or irreparable injury to himself and others," citing to a several other cases filed in a variety of federal courts.[2] (Doc. 2 at 4.)

A brief review of Plaintiff's complaint[3] and the instant motion reveals however that Plaintiff has presented no medical evidence—beyond his own assertions, medical grievances, and grievance responses—which would allow the court to conclude that Plaintiff will suffer irreparable harm. While the Court is aware that certain prison facilities present a potential for danger of Valley Fever to individuals who are determined to be more susceptible to the disease, the fact Plaintiff is incarcerated at SATF, in the absence of medical evidence or records to establish that he is indeed more susceptible and likely to contract Valley Fever, that information is insufficient to employ the extraordinary remedy Plaintiff seeks. Thus, the court will recommend this motion be denied without prejudice. *See, e.g.*, *Cortinas v. Soltanian*, No. 2"20-cv-1067 EFB P, 2020 WL 4922380, at *3 (E.D. Cal. Aug. 21, 2020) (plaintiff's declaration and grievances, in the absence of medical evidence, is insufficient to establish irreparable harm); *Parker v. Adu-Tutu*, No. CV 10-2747-PHX-GMS (ECV), 2012 WL 1894096, 2012 WL 1894096, at *4 (Dist. Ariz. May 22, 2012) (finding that "absent any medical records or medical evidence to show that Plaintiff will suffer irreparable harm and that there is a likelihood of success on the merits, the Court declines to issue an injunction"). In the absence of such a showing, Plaintiff's contentions of future injury from incarceration at SATF and the risk of contracting Valley Fever are, at this time, theoretical and speculative rather than "likely."

//

---

[2] "Plata v. Newsom, U. S.N.D., Court, No. C-01-01351-JST; Coleman v. Newsom, U.S.E.D., Court, No. civ-S-90-0520-KJM-DB, concerns inadequate Medical & Mental Care, as Armstrong v. Brown, 732 F.3d 995 (9th Cir. 2011), Armstrong v. Newsom, March 1l, 2021, REMEDIAL PLAN, five prisons, includes SATF; Plata v. Brown, 131 S. Ct. (2001)." (Doc. 2 at 4.)

[3] Plaintiff's complaint is 19 pages in length and is supported by 128 additional pages of exhibits. The complaint names at least 13 defendants and asserts at least 3 claims. Screening will determine whether Plaintiff has presented any cognizable claims against any named Defendant. Only after a screening procedures are complete will service of the complaint be undertaken.

5

### C. Other Factors

Finally, the Court need not consider the other *Winter* factors—the balance of equities tips in his favor and an injunction is in the public interest—because Plaintiff must meet all four factors. *See Winter*, 555 U.S. at 20; *Alliance for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1135 (9th Cir. 2011) (*Winter* requires a plaintiff to make a showing on all the *Winter* factors). As explained above, Plaintiff is unable to demonstrate a likelihood of success on the merits or irreparable harm.

### A. CONCLUSION AND RECOMMENDATIONS

For the reasons given above, the undersigned RECOMMENDS Plaintiff's motion for temporary restraining order (Doc. 2) be DENIED without prejudice.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1). **Within 14 days** from the date of service, Plaintiff may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may result in the waiver of rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **July 19, 2022**          /s/ Gary S. Austin
                                     UNITED STATES MAGISTRATE JUDGE