UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID WAYNE WILSON,<br><br>Plaintiff,<br><br>v.<br><br>LURA MERRITT, et al.,<br><br>Defendants. | Case No.: 1:22-cv-00455-AWI-BAK (GSA) (PC)<br><br>**ORDER DENYING PLAINTIFF'S MOTION TO APPOINT COUNSEL**<br><br>(Doc. 18) |

Plaintiff David Wayne Wilson is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action brought pursuant to 42 U.S.C. § 1983.

On August 8, 2022, Plaintiff filed a "Motion for Appointment of Counsel." (Doc. 18.) For the reasons given below, Plaintiff's motion will be denied.

**I.    DISCUSSION**

   **A.   Plaintiff's Motion**

Plaintiff contends counsel should be appointed because "imprisonment will greatly limit his ability to litigate the issues involved in this case which are complex, and will require significant research and investigation." (Doc. 18 at 1.) He contends he has limited access to the law library and has been "denied adequate 'Law Library access' due to Photocopy's withheld 5 days," by procedures in place only at his institution. (*Id*.) Plaintiff contends the appointment of counsel "would guarantee important [factors] of the case to show merit Counsel's ability to

[investigate facts and] if conflicting evidence implicating the need for cross examination that would be important for the case," something Plaintiff could not accomplish. (*Id*. at 2.) Plaintiff contends appointment of counsel in this case is "necessary to prevent due process violations." (*Id*.) Further, Plaintiff states that without counsel "it is in all likelihood that Plaintiff's case will not only be prejudiced, but lost. Not for want of meritorious claims, but rather for want of evidence to prove" merit. (*Id*. at 3.)

### B. Applicable Legal Standards and Analysis

Plaintiffs do not have a constitutional right to appointed counsel in § 1983 actions. *Rand v. Rowland*, 113 F.3d 1520, 1525 (9th Cir. 1997), *withdrawn in part on other grounds on reh'g en banc*, 154 F.2d 952 (9th Cir. 1998). Additionally, the Court cannot require an attorney to represent a party under 28 U.S.C. § 1915(e)(1). *See Mallard v. U.S. Dist. Court*, 490 U.S. 296, 304-05 (1989). However, in "exceptional circumstances," the Court may request the voluntary assistance of counsel pursuant to section 1915(e)(1). *Rand*, 113 F.3d at 1525.

Given that the Court has no reasonable method of securing and compensating counsel, the Court will seek volunteer counsel only in extraordinary cases. In determining whether "exceptional circumstances exist, a district court must evaluate both the likelihood of success on the merits [and] the ability of the [plaintiff] to articulate his claims pro se in light of the complexity of the legal issues involved." *Rand*, 113 F.3d at 1525 (internal quotation marks & citations omitted).

In the present case, the Court does not find the required exceptional circumstances. Even assuming Plaintiff is not well versed in the law and has made serious allegations that, if proven, would entitle him to relief, Plaintiff's case is not extraordinary. Plaintiff's complaint asserts claims of deliberate indifference to serious medical needs in violation of the Eighth Amendment, as well as claims of retaliation and equal protection violations. (Doc. 1.) Such claims are common to prisoner civil rights litigation and the Court is faced with similar cases almost daily.

Additionally, while the Court recognizes that Plaintiff is at a disadvantage due to his *pro se* status and his incarceration, limited law library access, and inability to investigate or adequately cross-examine witnesses, the relevant test is not whether Plaintiff would benefit from

2

the appointment of counsel. *See Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986) ("Most actions require development of further facts during litigation and a pro se litigant will seldom be in a position to investigate easily the facts necessary to support the case"). The test is whether exceptional circumstances exist, and here, they do not. Normal challenges faced by *pro se* litigants do not warrant appointment of counsel. *See also Siglar v. Hopkins*, 822 F. App'x 610, 612 (9th Cir. 2020) (denying appointment of counsel because the plaintiff's "circumstances were not exceptionally different from the majority of the challenges faced by pro se litigants"); *Faultry v. Saechao*, 2020 WL 2561596, at *2 (E.D. Cal., May 20, 2020) (stating that "[c]ircumstances common to most prisoners, such as lack of legal education and limited law library access, do not establish exceptional circumstances supporting appointment of counsel" and noting that the "impacts of the COVID-19 health crisis on prison operations are also common to all prisoners"); *Snowden v. Yule*, 2020 WL 2539229, at *1 (E.D. Cal., May 19, 2020) (noting that "limited access to the prison law library and resources, particularly during the current COVID-19 health crisis" is a circumstance that plaintiff shares with many other prisoners); *Courtney v. Kandel*, 2020 WL 1432991, at *1 (E.D. Cal. Mar. 24, 2020) (challenges conducting discovery and preparing for trial "are ordinary for prisoners pursuing civil rights claim" and cannot form the basis for appointment of counsel).

Next, at this early stage in the proceedings, the Court cannot determine whether Plaintiff is likely to succeed on the merits. Plaintiff's complaint has not yet been screened pursuant to 28 U.S.C. § 1915(b)(2). The complaint will be screened in due course.

Further, based on a review of the record to date, the Court is unable to find that Plaintiff cannot adequately articulate his claims. Plaintiff sufficiently articulated the claims presented in the complaint filed April 18, 2022 (Doc. 1), resulting in an order granting Plaintiff *in forma pauperis* status despite the fact he was required to establish imminent danger of serious physical injury as a prisoner having three or more actions previously dismissed on the grounds the action was frivolous, malicious or failed to state a claim upon which relief could be granted, pursuant to 28 U.S.C. § 1915(g). (*See* Doc. 14.) And, as demonstrated in this motion, Plaintiff can prepare and file documents clearly setting forth his contentions, without assistance from counsel.

## II. CONCLUSION AND ORDER

Should this case progress and Plaintiff's circumstances change so that he is able to demonstrate exceptional circumstances, he may renew his motion for appointment at counsel at that time. Accordingly, Plaintiff's motion (Doc. 18) is DENIED without prejudice.

IT IS SO ORDERED.

Dated: **August 24, 2022**                    **/s/ Gary S. Austin**
UNITED STATES MAGISTRATE JUDGE