UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID WAYNE WILSON,<br><br>  Plaintiff,<br><br>  v.<br><br>LURA MERRITT, et al.,<br><br>  Defendants. | Case No.: 1:22-cv-00455-AWI-CDB (PC)<br><br>**FINDINGS AND RECOMMENDATIONS TO DENY MOTION FOR CLASS CERTIFICATION**<br><br>(Doc. 20) |

Plaintiff David Wayne Wilson is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action brought pursuant to 42 U.S.C. § 1983.

**I.     RELEVANT PROCEDURAL BACKGROUND**

On July 19, 2022, the previously assigned magistrate judge issued Findings and Recommendations to Deny Plaintiff's Motion for Temporary and Injunctive Relief. (Doc. 17.)

On August 8, 2022, Plaintiff filed his objections to the Findings and Recommendations. (Doc. 19.) That same date, Plaintiff filed a Motion to Appoint Counsel (Doc. 18) and a Motion for Certification of Class (Doc. 20).

On August 24, 2022, the Court issued its Order Denying Plaintiff's Motion to Appoint Counsel. (Doc. 21.)

On October 6, 2022, this matter was reassigned from the temporarily assigned magistrate judge to the undersigned. (Doc. 22.)

On December 2, 2022, District Judge Anthony W. Ishii issued an Order Adopting Findings and Recommendations to Deny Plaintiff's Motion for Temporary and Injunctive Relief. (Doc. 23.)

## II. DISCUSSION

### A. Plaintiff's Motion

Plaintiff contends his complaint "against B-Facility, California Substance Abuse Treatment Facility, exceeds 40 African-Americans, General Population (G.P.) exposed to Valley Fever fungus & spores, on-going imminent danger." (Doc. 20 at 1.) Plaintiff states "Defendants CSATF-II denys 'question of law or fact common to the Class members and plaintiff,' concerning 'exclusion' from Cocci-1,2/Valley Fever hyperdermic region, soil, dust, area, e.g. Court's ORDER [in] Plata v. Brown." (*Id.*, underlining in original.) Further, Plaintiff asserts Defendants deny "'Typicality' requirements of plaintiff's grievance 'Group Class' claims involve a 'common element of fact or law' or 'the same legal or remedial theory' for all Class at B-Facility discriminated against." (*Id*. at 1-2.) Plaintiff states he sought "primary Relief of declaratory and injunctive Relief" in his complaint. (Id. at 2.) Further, Plaintiff states he does not meet the qualified counsel requirement. (*Id*.) Finally, Plaintiff states "[t]he Attorney representatives for 'Group Class,' did nothing to Remove Plaintiff and Class after sending Letters, and state Court filings. Therefore inadequately represented Class. Therefore Rule 23(d) ORDERS IN CONDUCT OF ACTION, required for Certification of Class." (*Id.*)

### B. Legal Standards and Analysis

A party requesting class certification must demonstrate that "(1) the class is so numerous that joinder of all members is impracticable; (2) there are questions of law or fact common to the class; (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and (4) the representative parties will fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a). As the party requesting class certification, Plaintiff must meet these four requirements.

//

2

Plaintiff is not an attorney and is proceeding without counsel.[1] As a prisoner proceeding *pro se*, Plaintiff is unable to satisfy the required prerequisites. Specifically, the fourth prerequisite.

"It is well established that *pro se* prisoner plaintiffs are unable to fairly represent and adequately protect the interests of [a] class," as required by Fed. R. Civ. P. 23(a)(4). *Pickett v. Brown*, No. C-11-0445-TEH, 2011 WL 3954553, at *1 (N.D. Cal. 2011) (citations omitted). "A litigant appearing in propria persona has no authority to represent anyone other than himself." *Russell v. United States*, 308 F.2d 78, 79 (9th Cir. 1962) (citation omitted). It "is plain error to permit [an] imprisoned litigant who is unassisted by counsel to represent his fellow inmates in a class action." *Oxendine v. Williams*, 509 F.2d 1405, 1407 (4th Cir. 1975); *Lile v. Simmons*, 143 F.Supp.2d 1267, 1277 (D. Kan. 2001) (inmate not adequate class representative where inmate was a pro se litigant and could not represent other pro se plaintiffs in federal court); *Wilson v. Mercado*, No. 1:22-cv-00278-ADA-SAB (PC), 2022 WL 5235405, *2 (E.D. Cal. Sept. 1, 2022) ("Plaintiff is proceeding pro se and this case therefore cannot be certified as a class action unless counsel is appointed").

In fact, Plaintiff acknowledges he does not meet this prerequisite in his motion. (Doc. 20 at 2.) And a class action must satisfy all of the requirements of Fed. R. Civ. P 23(a) and at least one of the requirements of Fed. R. Civ. P. 23(b). *Blake v. Arnett*, 663 F.2d 906, 912 (9th Cir. 1981).

Hence, even assuming without finding that Plaintiff met the first three prerequisites for class certification—numerosity, commonality and typicality—Plaintiff cannot meet all prerequisites because he cannot fairly and adequately protect the interests of the class.

### III. CONCLUSION AND RECOMMENDATIONS

For the reasons stated above, **IT IS HEREBY RECOMMENDED** Plaintiff's motion for class certification (Doc. 10) be **DENIED**.

These Findings and Recommendations will be submitted to the district judge assigned to

---

[1] Plaintiff's motion for the appointment of counsel was denied by Magistrate Judge Gary S. Austin on August 24, 2022. (Doc. 21.) Judge Austin found Plaintiff was unable to demonstrate exceptional circumstances warranting the appointment of counsel. (*Id*. at 2-4.)

this case, pursuant to 28 U.S.C. § 636(b)(l). **Within 14 days** of the date of service of these Findings and Recommendations, a party may file written objections with the Court. The document should be captioned, "Objections to Magistrate Judge's Findings and Recommendations." Failure to file objections within the specified time may result in waiver of rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **January 20, 2023**

UNITED STATES MAGISTRATE JUDGE