UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID WAYNE WILSON,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>LURA MERRITT, et al.,<br><br>　　　　　Defendants. | Case No.: 1:22-cv-00455-JLT-CDB (PC)<br><br>**FINDINGS AND RECOMMENDATIONS TO DENY PLAINTIFF'S MOTION FOR PROTECTION ORDER**<br><br>(Doc. 26)<br><br>**14-DAY OBJECTION DEADLINE** |

Plaintiff David Wayne Wilson is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action brought pursuant to 42 U.S.C. § 1983.

**I.　　INTRODUCTION**

On March 3, 2023, Plaintiff filed "Plaintiff's Motion for Protection Order Fed.R.Civ.P. 26(c); L.R. 37-251(a)." (Doc. 26.) Plaintiff seeks a "PROTECTION ORDER for all Legal Documents, and for Single Cell, for imminent danger Transfer where conspiracy was undertaken to place plaintiff as Enhanced Out Patient (EOP) by Psychologist …." (*Id*. at 1.)

More specifically, Plaintiff contends that on February 8, 2023, he was called in to see a psychologist but refused to do so. (Doc. 26 at 2.) On February 14, 2023, Plaintiff again refused to see the psychologist, stating "95% Mexican/Hispanic Staff, and bias discrimination and unequal treatment for Blacks." (*Id*.) On February 15, 2023, when called to the mental health clinic,

Plaintiff refused to see a psychiatrist by video, "citing Penal Code 636(b) Non-Eletronic [sic] Easedropping [sic], Dr., Clergy, Attorney, & Civil Code 5623(b) No waiver for Third Party Intervenor …." (*Id*.) Plaintiff also asserted "RACIAL BIAS B-Facility Mexican/Hispanic White Supremacy" for his refusal. (*Id*.) On February 22, 2023, Plaintiff states he was taken to an "Inter Disciplinary Treatment Team (IDTT) Mental Committee" involving the psychologist, psychiatrist, medical assistant and a correctional counselor. (*Id*.) Plaintiff states he explained to the correctional counselor her actions were "in retaliation CCR Title 15, 3084.1(d) for prior STAFF COMPLAINT against her for denial of Due Process for Classification Chrono FALSE & Other Staff, and this was a Conspiracy for 'All' Mexican Staff." (*Id*.) Plaintiff states he "left without any threats to others or myself." (*Id*.) On February 23, 2023, another correctional counselor called Plaintiff to the office and advised Plaintiff he was "EOP mental and [was] being transferred." (*Id*.) Plaintiff states he filed a staff complaint against Psychologist Availa and Correctional Counselor M. Gonzales on February 26, 2023. (*Id*.)

Plaintiff requests "ALL personal & medical property transferred with him & Single Cell as described in Civil Complaint for Protection Order … for manufactured staff concocted risk." (Doc. 26 at 2-3.) Appended as exhibits to Plaintiff's motion are a Health Care Grievance dated February 26, 2023 (*id*. at 5-6), excerpts of the California Business and Professions Code (*id*. at 7-9), a Duty Statement for a Clinical Psychologist, position number 394-220-9283-VAR, at Pelican Bay State Prison (*id*. at 10-13), an inmate grievance dated May 25, 2020, log number SATF-B 20-3307 (*id*. at 14-17), a July 8, 2020, Second Level Response to SATF-B-20-03307 (id. at 18-20), a September 15, 2021, Third Level Decision from the Office of Appeals concerning SATF-B-20-03307 (*id*. at 21), and copies of excerpts from an unidentified source, commencing with "Chapter 3 – Personnel, Training and Employee Relations, Article 22 – Employee Discipline" (*id*. at 22-28).

## II.     DISCUSSION

The Court construes Plaintiff's instant motion to seek temporary and/or permanent injunctive relief.[1]

---

[1] Plaintiff's citation to Rule 26(c) of the Federal Rules of Civil Procedure is not applicable.

2

*Applicable Legal Standards*

"A preliminary injunction is an extraordinary remedy never awarded as of right." [2] *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 24 (2008) (citation omitted). "A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Id.* at 20.

In addition, a "federal court may issue an injunction [only] if it has personal jurisdiction over the parties and subject matter jurisdiction over the claim; it may not attempt to determine the rights of persons not before the court." *Zepeda v. U.S. I.N.S.*, 753 F.2d 719, 727 (9th Cir. 1983). "[A]n injunction must be narrowly tailored 'to affect only those persons over which it has power,' . . . and to remedy only the specific harms shown by the plaintiffs, rather than 'to enjoin all possible breaches of the law.'" *Price v. City of Stockton*, 390 F.3d 1105, 1117 (9th Cir. 2004) (quoting *Zepeda*, 753 F.2d at 727, 728 n.1).

Furthermore, the pendency of this action does not give the Court jurisdiction over prison officials in general. *Summers v. Earth Island Inst.*, 555 U.S. 488, 491–93 (2009*); Mayfield v. United States*, 599 F.3d 964, 969 (9th Cir. 2010). The Court's jurisdiction is limited to the parties in this action and to the viable legal claims upon which this action is proceeding. *Summers*, 555 U.S. at 491-93; *Mayfield*, 599 F.3d at 969.

A "federal court may issue an injunction [only] if it has personal jurisdiction over the parties and subject matter jurisdiction over the claim; it may not attempt to determine the rights of persons not before the court." *Zepeda v. U.S. I.N.S.*, 753 F.2d 719, 727 (9th Cir. 1983). "[A]n injunction must be narrowly tailored 'to affect only those persons over which it has power,' . . . and to remedy only the specific harms shown by the plaintiffs, rather than 'to enjoin all possible

---

Rule 26 pertains to discovery, and subdivision (c) concerns protective orders specific to the discovery process.

[2] "The standard for a [temporary restraining order] is the same as for a preliminary injunction." *Rovio Entm't Ltd. v. Royal Plush Toys, Inc.*, 907 F. Supp. 2d 1086, 1092 (N.D. Cal. 2012) (citing *Stuhlbarg Int'l Sales Co. v. John D. Brush & Co.*, 240 F.3d 832, 839 n.7 (9th Cir. 2001) (citation omitted)).

3

breaches of the law.'" *Price v. City of Stockton*, 390 F.3d 1105, 1117 (9th Cir. 2004) (quoting *Zepeda*, 753 F.2d at 727, 728 n.1).

*Analysis*

Initially, the Court notes it lacks personal jurisdiction over the parties to Plaintiff's suit or any other prison staff because no defendant has made an appearance in this action; therefore, injunctive relief is inappropriate. *See Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 350 (1999) (noting that one "becomes a party officially, and is required to take action in that capacity, only upon service of summons or other authority-asserting measure stating the time within which the party served must appear to defend"); *Zepeda*, 753 F.2d at 727.

Considering the *Winter* factors, first, Plaintiff has not established he is likely to succeed on the merits of his claims. *Winter*, 555 U.S. at 20. In deciding whether a preliminary injunction should issue, the likelihood of success on the merits is the most important factor for the court to consider. *Disney Enterprises, Inc. v. VidAngel, Inc.*, 869 F.3d 848, 856 (9th Cir. 2017). Plaintiff's complaint was recently screened as required by 28 U.S.C. § 1915A(a). In the First Screening Order issued April 4, 2023, the Court found Plaintiff had stated three plausible claims, to wit: a First Amendment retaliation claim against Defendant Merritt, Eighth Amendment deliberate indifference to serious medical needs claims against Defendants Fishburn and Merritt, and a Fourteenth Amendment equal protection violation against Defendant Carlson. (Doc. 28 at 27.) The Court also found Plaintiff failed to state any other cognizable claim against any other named defendant. (*Id*.) The Court ordered Plaintiff to file a first amended complaint curing the deficiencies identified in the order, or to file a notice indicating his willingness to proceed on the three cognizable claims identified in the order, or to file a notice of voluntary dismissal. (*Id*. at 27-28.) Hence, while the Court has determined Plaintiff has stated several plausible claims, those claims are based upon factual assertions and have not yet been proven. It is too early to determine whether Plaintiff is likely to succeed on the merits of his claims.

Second, Plaintiff must demonstrate that he is likely to suffer irreparable harm in the absence of preliminary relief. *Winter*, 555 U.S. at 20. Here, Plaintiff's motion only vaguely infers irreparable harm, claiming "imminent danger" in the form of a transfer following an EOP

4

designation. But this is insufficient to demonstrate Plaintiff is likely to suffer irreparable harm. His claims are speculative and without evidentiary support. Plaintiff alleges a conspiracy and racial bias, however, nothing in the documentation provided supports his argument. *City of Los Angeles v. Lyons*, 461 U.S. 95, 111 (1983) ("The equitable remedy is unavailable absent a showing of irreparable injury, a requirement that cannot be met where there is no showing of any real or immediate threat that the plaintiff will be wronged again—a likelihood of substantial and immediate irreparable injury," internal quotation marks & citation omitted). Further, while Plaintiff contends he will be transferred as an EOP inmate, it appears transfer is only a possibility; and a possibility of irreparable harm does not warrant injunctive relief. *Winter*, 555 U.S. at 22 ("Issuing a preliminary injunction based only on a *possibility* of irreparable harm is inconsistent with our characterization of injunctive relief as an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief"); *Caribbean Marine Servs. Co. v. Baldridge*, 844 F.2d 668, 674 (9th Cir. 1988) ("Speculative injury does not constitute irreparable injury sufficient to warrant granting a preliminary injunction," citation omitted); *see also Chappell v. Stankorb*, No. 1:11-CV-01425-LJO, 2012 WL 1413889, at *2 (E.D. Cal. Apr. 23, 2012) (denying injunctive relief where prisoner's claims of injury based on current or future housing decisions were nothing "more than speculative"), report and recommendation adopted, No. 1:11-CV-01425-LJO, 2012 WL 2839816 (E.D. Cal. July 9, 2012). Plaintiff's complaint involves prison officials or staff at the California Substance Abuse Treatment Facility and Plaintiff remains housed there.[3]

Finally, Plaintiff is required to show the balance of equities tips in his favor and that the injunction he seeks is in the public interest. *Winter*, 555 U.S. at 20. Plaintiff has not presented any evidence that the balance of equities is in his favor, or that preliminary injunctive relief would be

---

[3] As of April 20, 2023, Plaintiff remains incarcerated at the California Substance Abuse Treatment Facility. See https://inmatelocator.cdcr.ca.gov/Details.aspx?ID=K66474. The Court may take judicial notice of public information stored on the CDCR inmate locator website. *See In re Yahoo Mail Litig.*, 7 F.Supp.3d 1016, 1024 (N.D. Cal. 2014) (court may take judicial notice of information on "publicly accessible websites" not subject to reasonable dispute); *Louis v. McCormick & Schmick Restaurant Corp.*, 460 F.Supp.2d 1153, 1155 fn.4 (C.D. Cal. 2006) (court may take judicial notice of state agency records).

5

in the public's interest.

### III.     CONCLUSION AND RECOMMENDATIONS

For the reasons given above, the undersigned **RECOMMENDS** Plaintiff's "Motion for Protection Order" (Doc. 26) be **DENIED**.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1). **Within 14 days** from the date of service, Plaintiff may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may result in the waiver of rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **April 20, 2023**                              _____
                                                        UNITED STATES MAGISTRATE JUDGE

6