UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID WAYNE WILSON,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>LURA MERRITT, et al.,<br><br>　　　　　Defendants. | Case No.: 1:22-cv-00455-JLT-CDB (PC)<br><br>**ORDER DENYING PLAINTIFF'S MOTION FOR DEFAULT**<br><br>(Doc. 56)<br><br>**ORDER DENYING PLAINTIFF'S MOTION TO QUASH**<br><br>(Doc. 57)<br><br><u>Clerk of the Court to Serve Answer on Plaintiff</u> |

Plaintiff David Wayne Wilson is proceeding pro se and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983.

**I.　　INTRODUCTION**

Following screening, the Court ordered this action to proceed on Plaintiff's Eighth Amendment deliberate indifference to serious medical needs claims against Defendants Fishburn, Merritt and Carlson, in their individual capacities; First Amendment retaliation claim against Defendant Merritt, in her individual capacity; Fourteenth Amendment equal protection clause claim against Defendant Carlson, in her individual capacity; and state law equal protection clause claim against Defendant Carlson, in her individual capacity. (Doc. 35; *see also* Doc. 45 [denying reconsideration].)

1    The Court directed service of process by the United States Marshal (*see* Doc. 36), and on
2 March 19, 2024, Defendants L. Merritt, M. Correa[1], and C. Carlson filed an answer to Plaintiff's
3 first amended complaint. (Doc. 53.)
4    On March 20, 2024, the Court issued its Order Referring Case To Post-Screening ADR
5 And Staying Case For 90 Days. (Doc. 54.)
6    On March 28, 2024, Plaintiff filed a document titled "Plaintiff's Motion For Default
7 Fed.R.Civ.P. 55(a)" (Doc. 56) and a document titled "Plaintiff's Motion To Quash Defendant's
8 Review Plaintiff's Medical Records Jan 2018 To Jan 2019 For The Time Restriction Reception
9 CSATF Jan 28 2019 And Prior Privileged Information Local Rule 250.5(a), (b), (c), Fed.R.Civ.P.
10 45." (Doc. 57). The Court deems a response by Defendants to the motions to be unnecessary.

**II.    DISCUSSION**

*Plaintiff's Motion for Default*

Plaintiff's motion asserts Defendants have "failed to file a Response" and "failed to Respond" to his complaint. (Doc. 56 at 1, 2.) Because their response was due March 19, 2024, Plaintiff seeks default pursuant to Federal Rules of Civil Procedure 55(a). (*Id*. at 2.)

Rule 55(a) of the Federal Rules of Civil Procedure provides: "When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default."

Here, Plaintiff is not entitled to the clerk's entry of default. Indeed, Defendants filed an answer to Plaintiff's operative complaint on March 19, 2024. (*See* Doc. 53.) Because Plaintiff's motion is dated and signed March 24, 2024, the Court presumes Plaintiff was not yet in receipt of Defendants' answer when he prepared his motion. Out of an abundance of caution, and as a one-time courtesy, the Court will direct the Clerk of the Court to provide Plaintiff with a copy of Defendants' answer with this order. As no Defendant is in default given their timely response to the operative complaint, Plaintiff's motion will be denied.

*Plaintiff's Motion to Quash*

Briefly stated, Plaintiff moves to "quash" review of his medical records by Defendants,

---
[1] Sued herein as "Monica Fishburn."

2

1  citing their reference to the necessity to review his medical records in anticipation of filing a
2  responsive pleading, Plaintiff's assertion that he had no interaction with medical staff until
3  February 2019, and this Court's Local Rule 250.5. (Doc. 57.)
4     Local Rule 250.5 provides, in relevant part:
5     (a) Subpoenas Duces Tecum. Responses to subpoenas duces tecum
      shall identify each category in the subpoena duces tecum as to which
6     no documents are produced because no documents exist in the
      possession of the person subpoenaed and shall comply with Fed. R.
7     Civ. P. 45(d)(2).
8     (b) Objections. Each objection to any subpoenas duces tecum shall
      include a statement of reasons and, if appropriate, citation to relevant
9     authority. See Fed. R. Civ. P. 45(c)(2)(B).
10    (c) Service of Subpoenas Duces Tecum. Subpoenas duces tecum
      directed to parties or non-parties shall be served on all parties to the
11    action and on the non-party. Fed. R. Civ. P. 45
12    Here, the Court finds there is no indication Defendants have served a subpoena duces
13 tecum. Rather, as Defendants' February 16, 2024 request for an extension of time within which to
14 file a responsive pleading appears to indicate, defense counsel merely requested copies of
15 Plaintiff's medical records from the California Department of Corrections and Rehabilitation as a
16 part of counsel's representation of its employees, Defendants Carlson, Correa and Merritt. (*See*
17 Doc. 50 at 7, ¶ 4.) Nor does Plaintiff's motion indicate he is in receipt of any subpoena. *See* Local
18 Rule 250.5(c) ("Subpoenas duces tecum directed to parties or non-parties *shall be served on all*
19 *parties*…," emphasis added.) Additionally, the Court notes Plaintiff's motion is signed and dated
20 March 24, 2024, or four days after this Court issued a ninety-day stay of this action. In light of the
21 present stay of these proceedings, Plaintiff's motion also inappropriate.
22    In sum, the Court will deny Plaintiff's motion to "quash" because there is no indication a
23 subpoena duces tecum has been issued in this action and because the action is presently stayed to
24 allow for the possibility of early ADR proceedings.
25    **III.    CONCLUSION AND ORDER**
26    For the reasons stated above, **IT IS HEREBY ORDERED** that:
27    1. Plaintiff's motion for default (Doc. 56) is **DENIED**;
28    2. Plaintiff's motion to quash (Doc. 57) is **DENIED**;

3

3. The Clerk of the Court is **DIRECTED** to provide Plaintiff with a copy of Defendants' answer filed March 19, 2024, as a one-time courtesy; and

4. The previously imposed stay remains in effect. With the exception of the Notice Regarding Early Settlement Conference form (*see* Doc. 54 at 4 [blank notice form]), no party shall file any pleadings or motions during the stay.

IT IS SO ORDERED.

Dated:   **April 9, 2024**

UNITED STATES MAGISTRATE JUDGE

4