UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID WAYNE WILSON,<br><br>        Plaintiff,<br><br>    v.<br><br>LURA MERRITT, et al.,<br><br>        Defendants. | Case No.: 1:22-cv-00455-JLT-CDB (PC)<br><br>**ORDER GRANTING DEFENDANTS' MOTION TO STAY ACTION PENDING RULING ON DEFENDANTS' MOTION TO REVOKE PLAINTIFF'S *IN FORMA PAUPERIS* STATUS**<br><br>(Doc. 63) |

Plaintiff David Wayne Wilson is proceeding pro se and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983. The action proceeds on Plaintiff's Eighth Amendment deliberate indifference to serious medical needs claims against Defendants Fishburn,[1] Merritt and Carlson, in their individual capacities; First Amendment retaliation claim against Defendant Merritt, in her individual capacity; Fourteenth Amendment equal protection clause claim against Defendant Carlson, in her individual capacity; and state law equal protection clause claim against Defendant Carlson, in her individual capacity. (*See* Doc. 35 [Order Adopting Findings and Recommendations to Dismiss Certain Claims and Defendants Following Screening of Plaintiff's First Amendment Complaint]; *see also* Doc. 45 [denying reconsideration of same].)

//

//

---

[1] Defendants' answer to Plaintiff's first amended complaint notes "Defendant Correa is sued under the name 'Fishburn.'" (*See* Doc. 53 at 1, n.1.)

## I.    INTRODUCTION

On May 13, 2024, this Court issued its Discovery and Scheduling Order. (Doc. 61.)

Also on May 13, 2024, Defendants filed a motion to revoke Plaintiff's *in forma pauperis* (IFP) status (Doc. 62) and a motion to stay this action pending the Court's determination of the motion to revoke IFP (Doc. 63).

On May 30, 2024, Plaintiff filed an opposition to the motion to revoke IFP status. (Doc. 64.) Plaintiff did not file an opposition, or statement of non-opposition, to Defendants' motion to stay this action and the time for doing so has now passed.

## II.    DISCUSSION

In the unopposed motion to stay this action pending determination of their motion to revoke Plaintiff's IFP status, Defendants contend good cause supports their request for a stay because a grant of the motion to revoke IFP status would require that Plaintiff pay the filing fee for this action, and that, if Plaintiff did not do so, the case would be subject to dismissal. (Doc. 63 at 3.) Defendants further assert that a stay of this action is consistent with the purpose of section 1915(g) of Title 28 of the United States Code—enacted to relieve parties and the courts from the burden of addressing frivolous lawsuits brought by prisoners abusing IFP status—and that they should not be compelled to incur the burdens associated with "pressing forward with discovery and other proceedings while Defendants' IFP Motion is being decided." (*Id*. at 4.) Defendants seek a stay of this action until the Court rules on their motion, "and, if the Court grants the IFP Motion, until Plaintiff pays the filing fee." (*Id*.)

The district court "has broad discretion to stay proceedings as an incident to its power to control its own docket." *Clinton v. Jones*, 520 U.S. 681, 706 (1997) (citing *Landis v. North American Co*., 299 U.S. 248, 254 (1936)). "Generally, stays should not be indefinite in nature." *Dependable Highway Exp., Inc. v. Navigators Ins. Co*., 498 F.3d 1059, 1066-67 (9th Cir. 2007). If a stay is especially long or its term is indefinite, a greater showing is required to justify it. *Yong v. I.N.S.*, 208 F.3d 1116, 1119 (9th Cir. 2000). The party seeking the stay bears the burden of establishing the need to stay the action.  *Clinton*, 520 U.S. at 708.

1    In considering a stay of proceedings, a court must the weigh competing interests that will

2  be affected by the grant or refusal to grant a stay, including: (1) the possible damage which may

3  result from the granting of a stay; (2) the hardship or inequity which a party may suffer in being

4  required to go forward; and (3) the orderly course of justice measured in terms of simplifying or

5  complicating of issues, proof, and questions of law which could be expected to result from a stay.

6  *CMAX, Inc. v. Hall*, 300 F.2d 265, 268 (9th Cir.1962) (citing *Landis*, 299 U.S. at 254-55)).

7    Here, considering the possible damage that might result from granting a stay of this

8  action, the Court finds little risk. Discovery has just commenced, and a stay of these proceedings

9  will merely suspend the discovery period until a determination of the pending motion to revoke

10  IFP status is issued.[2] If the motion to revoke Plaintiff's IFP status is denied, the Court will issue

11  an amended discovery order with new deadlines. If the motion to revoke Plaintiff's IFP status is

12  granted, and Plaintiff were directed to pay the filing fee, and did pay, the Court similarly would

13  issue an amended discovery order with new deadlines. And, if the motion to revoke Plaintiff' IFP

14  status were granted and Plaintiff failed to pay the filing fee, the action would be dismissed, and

15  discovery deadlines would be immaterial. In that way, no party is disadvantaged by the requested

16  stay.

17    Next, considering the hardship or inequity which a party might suffer in being required to

18  go forward, the Court finds Defendants would suffer such hardship by being required to

19  participate in discovery to meet the deadlines previously imposed before their motion is decided.[3]

20  Plaintiff's failure to respond to the motion for stay and identify any prejudice he may suffer

21  should a stay be entered also counsel's in favor of staying the case.  Finally, the Court finds the

22  orderly course of justice favors a stay of these proceedings because resolution of Defendants'

23  pending motion to revoke Plaintiff's IFP status has the potential to result in a dismissal of this

24  action. In any event, a stay of these proceedings would not complicate the issues, proof, or

---

[2] Defendants' motion has been referred to the undersigned pursuant to 28 U.S.C. 636(b)(1)(B) and Local Rule 302. The undersigned will issue Findings and Recommendations on the motion in due course.

[3] This Court is one of the busiest district courts in the nation. All judges in this district carry heavy caseloads. Delays are unavoidable.

1   questions of law. *CMAX, Inc.*, 300 F.2d at 268.

2         Further, Defendants' requested stay of these proceedings is limited to the period it will

3   take for the Court to issue a final ruling on their motion. Thus, it is neither indefinite nor

4   especially long. *Dependable Highway Exp., Inc.*, 498 F.3d at 1066-67; *Yong*, 208 F.3d at 1119.

5         In sum, Defendants have met their burden of establishing the need to stay this action.

6   *Clinton*, 520 U.S. at 708.

7   **III.      CONCLUSION AND ORDER**

8         For good cause shown, **IT IS HEREBY ORDERED** that:

9         1.  Defendants' motion to stay these proceedings (Doc. 63) is **GRANTED**;

10        2.  This action is **STAYED** pending resolution of the motion to revoke Plaintiff's IFP

11            status, including any period that may be associated with the payment of a filing fee;

12            and

13        3.  The Discovery and Scheduling Order issued May 13, 2024, is **VACATED**. The Court

14            will issue an amended discovery order following resolution of the pending motion to

15            revoke Plaintiff's IFP status, when appropriate.

16  IT IS SO ORDERED.

17   Dated:   **June 11, 2024**                    _____

18                                                 UNITED STATES MAGISTRATE JUDGE

19

20

21

22

23

24

25

26

27

28