UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID WAYNE WILSON,<br><br>        Plaintiff,<br><br>    v.<br><br>LURA MERRITT, et al.,<br><br>        Defendants. | Case No.: 1:22-cv-00455-JLT-CDB (PC)<br><br>**FINDINGS AND RECOMMENDATIONS TO DENY DEFENDANTS' MOTION TO REVOKE PLAINTIFF'S *IN FORMA PAUPERIS* STATUS**<br><br>(Doc. 62)<br><br>**14-DAY OBJECTION PERIOD** |

Plaintiff David Wayne Wilson is proceeding pro se and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983.

## I.      INTRODUCTION

Following screening of the first amended complaint, this action proceeds on Plaintiff's Eighth Amendment deliberate indifference to serious medical needs claims against Defendants Carlson, Correa,[1] and Merritt, First Amendment retaliation claim against Defendant Merritt, and Fourteenth Amendment and state law equal protection clause claims against Defendant Carlson.

On May 13, 2024, Defendants filed a Motion to Revoke Plaintiff's In Forma Pauperis Status. (Doc. 62.) Plaintiff opposed (Doc. 64) and Defendants replied (Doc. 68).

---

[1] Defendants' answer to Plaintiff's first amended complaint notes "Defendant Correa is sued under the name 'Fishburn.'" (*See* Doc. 53 at 1, n.1.) Thus, the Court replaces references to "Fishburn" with "Correa."

On August 7, 2024, Plaintiff filed a document titled "Plaintiff's Counterclaim to Defendant's Reply to Plaintiff's Opposition to Revoke In Forma Pauperis Where Plaintiff Meets On-Going Imminent Danger." (Doc. 69.)

## II. DISCUSSION

### *Plaintiff's Sur-Reply Brief*

Initially, the Court addresses Plaintiff's "counterclaim" to Defendants' reply. The Court construes Plaintiff's filing to be a sur-reply. This Court's Local Rule 230(*l*) concerning motions in prisoner actions does not provide for the filing of a response to a reply or sur-reply. Rather, the rule allows for the filing of a motion, an opposition by the non-moving party, and a reply to the opposition by the moving party. *See* Local Rule 230(*l*). That rule also provides that "[a]ll motions will be deemed submitted when the time to reply has expired." *Id*. Therefore, Defendants' motion to revoke Plaintiff's *in forma pauperis* (IFP) status was deemed submitted with the filing of their reply on July 11, 2024. As a result, on this basis, Plaintiff's sur-reply should be stricken.

Next, Local Rule 230(m) provides as follows:

> **Supplementary Material**. After a reply is filed, no additional memoranda, papers, or other materials may be filed without prior Court approval except:
>
> (1) **Objection to Reply Evidence**. If new evidence has been submitted with the reply brief, the opposing party may file and serve, no later than seven (7) days after the reply is filed, an Objection to Reply Evidence stating its objections to the new evidence. The Objection to Reply Evidence may not include further argument on the motion.
>
> (2) **Notice of Supplemental Authority**. Any party may file a notice of supplemental authority to bring the Court's attention to a relevant judicial opinion issued after the date that party's opposition or reply was filed. The notice of supplemental authority may contain a citation to the new authority but may not contain additional argument on the motion.

Here, Plaintiff did not seek prior Court approval to file a sur-reply following Defendants' reply. Because he did not do so, it should be stricken.

Further, a review of Plaintiff's filing reveals it includes additional argument (Doc. 69 at 2-4) and numerous court decisions or opinions (*id*. at 6-109). As to the latter, Plaintiff submits the

2

following: a Memorandum Decision and Order Re Findings & Recommendations Re Defendants' Motion for Judgment on the Pleadings issued September 17, 2015, in *Jackson v. Brown*, No. 1:13-cv-1055-LJO-SAB (*id*. at 6-67), a printout of cases citing to *Jackson v. Brown* (*id*. at 68-70), and copies of Ninth Circuit decisions in *Rhodes v. Robinson*, 408 F.3d 559 (9th Cir. 2004) (*id*. at 71-87), *Washington v. L.A. County Sheriff's Dept*., 833 F.3d 1048 (9th Cir. 2016) (*id*. at 88-98), and *El-Shaddai v. Zamora*, 833 F.3d 1036 (9th Cir. 2016) (*id*. at 99-109).

The Court will not construe the filing to be an Objection to Reply Evidence because it does not object to new evidence submitted with the reply brief. Moreover, a review of the reply brief submitted by Defendants reveals it does not contain any new evidentiary submissions. (*See* Doc. 68.) Additionally, it is untimely—Plaintiff's filing is dated and signed August 1, 2024 (Doc. 69 at 4) and was served August 4, 2024 (*id*. at 5); both dates fall well beyond July 18, 2024, or the 7 days provided for in the rule plus time for mailing. *See* Local Rule 230(m)(1). Nor will the Court construe the filing to be a Notice of Supplemental Authority because the opinions or decisions provided with Plaintiff's filing were not "issued after the date of" Defendants' reply and thus are not "new authority" as contemplated by Local Rule 230(m)(2). For those reasons too, Plaintiff's filing should be stricken.

### *Summary of the Parties' Briefing*

Defendants move to revoke Plaintiff's IFP status because he has accrued three strikes pursuant to 28 U.S.C. 1915(g) and does not meet the imminent danger exception because the Court cannot redress the imminent danger asserted here—Plaintiff's risk of contracting Valley Fever. (Doc. 62 at 1-2.) Specifically, Defendants argue that because the operative claims in this action no longer concern Valley Fever—the Court having screened out Plaintiff's Eighth Amendment conditions of confinement claim based on Plaintiff's alleged exposure to Valley Fever—Plaintiff does not qualify for the imminent danger exception. (*Id*. at 7-9.) Therefore, Defendants contend Plaintiff cannot obtain a judicial remedy for the risk of contracting Valley Fever. (*Id*. at 9.) Moreover, Defendants maintain Plaintiff's alleged harms do not amount to imminent dangers of serious physical injury. (*Id*. at 9-10.) They contend the "alleged harm that this Court previously found satisfied the imminent-danger exception does not share a nexus with

3

1  any claim on which this action is proceeding and is not redressable by the Court," and "the harms
2  that this Court can redress do not qualify Plaintiff for the imminent-danger exception." (*Id*. at 10.)
3  Defendants argue the Court should vacate its order granting IFP status and direct Plaintiff to pay
4  the filing fee for this action. (*Id*. at 11-12.)

5  Plaintiff argues he meets the imminent danger exception based upon the allegations in his
6  first amended complaint. (Doc. 64 at 7.) Plaintiff contends previous actions he has filed,
7  identified by Defendants as strikes, should not have been dismissed because they "fall[] within"
8  or "meet [Armstrong,] Coleman and Plata."[2] (*Id*. at 8-10.) Citing to grievances Plaintiff has filed
9  concerning his physical injuries, including grievances submitted after the filing of the operative
10  complaint, Plaintiff contends he faces an ongoing imminent danger of serious physical injury. (*Id*.
11  at 11-12.) Plaintiff argues the "Court has already ruled on subjective prong of a serious risk of
12  serious harm" for his Eighth Amendment deliberate indifference to serious medical needs claim.
13  (*Id*. at 12-13.) He contends the cases cited by Defendants in their motion do not apply to his case,
14  the motion should be denied, and he should be permitted to proceed. (*Id*. at 13-14.) Further,
15  Plaintiff asks the Court to take judicial notice of approximately two dozen exhibits supporting his
16  opposition. (*Id*. at 15-44.)

17  Defendants reply that Plaintiff does not contest that his alleged risk of contracting Valley
18  Federal does not entitle him to IFP status, that Plaintiff's other litigation activities are irrelevant,
19  that his opposition fails to identify another imminent danger that could support his IFP status, and
20  that his opposition fails to distinguish the case law supporting Defendants' arguments for
21  revocation of Plaintiff's IFP status. (Doc. 68 at 2-7.)

22  ***Analysis***

23  <u>Relevant Background</u>

24  Plaintiff filed his original complaint on April 18, 2022, in the United States District Court
25  for the Northern District of California. (Doc. 1.) On April 19, 2022, the action was transferred to
26  this Court. (Docs. 5 & 6.)

---

[2] *Armstrong, et al. v. Newsom, et al.*, No. 4:94-cv-2307 (N.D. Cal. June 29, 1994); *Coleman v. Newsom, et al.*, No. 2:90-cv-520 (E.D. Cal. Apr. 23, 1990); *Plata, et al. v. Newsom, et al.*, No. 01-cv-01351 (N.D. Cal. Apr. 5, 2001).

On April 26, 2022, this Court issued its Order to Submit Application to Proceed *In Forma Pauperis* or to Pay Filing Fee. (Doc. 9.) Following submission of the application, the Court issued its Order Granting Plaintiff's Application to Proceed *In Forma Pauperis* on May 5, 2022. (Doc. 14.) Specifically, the then-assigned magistrate judge found that although Plaintiff had accrued three strikes under 28 U.S.C. § 1915(g), having taken judicial notice of four actions filed in this district that were dismissed for a failure to state a claim (*id*. at 2, n.1), Plaintiff met the imminent danger exception by contending "he is at high-risk to contract Valley Fever and that medical professionals at the facility are ignoring policies and procedures in place that would preclude Plaintiff from living at his current facility due to the risk posed to him by Valley Fever" (*id*. at 3). The Court noted in the Order that Plaintiff's complaint would be screened in due course. (*Id*. at 4.)

On April 4, 2023, the Court issued its First Screening Order. (Doc. 28.) Specifically, the Court found Plaintiff's original complaint stated the following cognizable claims: (1) a First Amendment retaliation claim against Defendant Merritt; (2) Eighth Amendment deliberate indifference to serious medical needs claims against Defendants Correa and Merritt; and (3) a Fourteenth Amendment equal protection violation against Defendant Carlson. (*Id*. at 5-26.) However, Plaintiff's complaint failed to state any other cognizable claims for relief against any other defendant. (*Id*. at 27.) Plaintiff was directed to select one of the following three options: (1) notify the Court in writing that he did not wish to file a first amended complaint and he was willing to proceed only on his First Amendment retaliation claim against Defendant Merritt, Eighth Amendment deliberate indifference to serious medical needs claims against Defendants Correa and Merritt, and Fourteenth Amendment equal protection violation against Defendant Carlson, with the remaining claims and defendants to be dismissed; or (2) file a first amended complaint curing the deficiencies identified by the Court in the screening order; or (3) file a notice of voluntary dismissal. (*Id*. at 27-28.)

On April 21, 2023, Plaintiff filed a first amended complaint. (Doc. 32.)

On November 23, 2023, the Court issued Findings and Recommendations to Dismiss Certain Claims and Defendants Following Screening of Plaintiff's First Amended Complaint.

5

(Doc. 34.) Relevant here,[3] concerning Plaintiff's first claim asserting a violation of the Eighth Amendment for deliberate indifference to serious medical needs, the Court found:

> Here, liberally construing the first amended complaint, Plaintiff has met the first, objective prong of the deliberate indifference test by alleging he suffers from numerous medical conditions a reasonable doctor or patient would find important and worthy of comment or treatment or that significantly affect his daily activities. *Colwell*, 763 F.3d at 1066.
>
> Regarding the second, subjective prong of the relevant test, and liberally construing the first amended complaint, Plaintiff plausibly alleges Defendant [Correa] knew Plaintiff faced a substantial risk of serious harm and disregarded that risk by failing to take reasonable measures to abate the risk by refusing to address Plaintiff's incontinence and need for an egg crate mattress. *Farmer*, 511 U.S. at 847. Further, Plaintiff plausibly alleges a claim against Defendant Merritt by alleging she knew he faced a substantial risk of serious harm and disregarded that risk by refusing to address his claims concerning headaches, dizziness, and severe back and neck pain. *Id*. Lastly, Plaintiff plausibly alleges a claim against Defendant Carlson by asserting Carlson knew he faced a substantial risk of serious harm and disregarded that risk when she refused to see or treat him following his complaints of dizziness and severe tension headaches. *Id*.
>
> In sum, Plaintiff states cognizable Eighth Amendment deliberate indifference to serious medical needs claims against Defendants [Correa], Merritt and Carlson, in their individual capacities.

(Doc. 34 at 10.) Further, construing Plaintiff's third claim for relief to include an Eighth Amendment conditions of confinement claim against the Defendants, the Court found:

> Here, liberally construing the first amended complaint, Plaintiff fails to allege cognizable Eighth Amendment conditions of confinement claims against Defendants [Correa], Merritt or Carlson. While Plaintiff meets the objective prong of the relevant test by alleging his exposure to Valley Fever given his susceptibility to the disease is sufficiently serious, Plaintiff again fails to show a sufficient casual connection or link between any knowledge or awareness by Defendants [Correa], Merritt or Carlson and the constitutional deprivation alleged. General assertions concerning the existence of the *Plata* litigation does not establish that [Correa], Merritt or Carlson were aware of a sufficiently serious risk to Plaintiff. None of the factual allegations specific to the actions of [Correa], Merritt or Carlson pertain to Plaintiff's claim of Valley

---

[3] Plaintiff's second claim asserts a violation of the First Amendment against Defendant Merritt for retaliation, a portion of the third claim and the fourth claim assert violations of the Fourteenth Amendment's equal protection clause against the Defendants, and the fifth claim asserts state law equal protection claims against the Defendants. (*See* Doc. 34 at 11-12, 14-16.)

> Fever exposure. It is not enough that Plaintiff references correspondence sent to state agencies complaining of Valley Fever exposure, among various other complaints, while vaguely referencing a lack of doctors and nurses, or "other Nurses's" that "ignore" requests or "subvert" health issues. Nor does the fact Plaintiff complained about Defendants Merritt and Carlson in "'Group Class'" health care complaints causally connect Merritt or Carlson to having the required knowledge of the specific risk to Plaintiff. *Wilson*, 501 U.S. at 303; *Labatad*, 714 F.3d at 1160; *Toguchi*, 391 F.3d at 1060. In sum, Plaintiff fails to allege a cognizable Eighth Amendment conditions of confinement claim against any named Defendant.

(Doc. 34 at 14.)

On December 12, 2023, District Judge Jennifer L. Thurston issued an Order Adopting Findings and Recommendations to Dismiss Certain Claims and Defendants Following Screening of Plaintiff's First Amended Complaint. (Doc. 35.) The action was to proceed only on the claims found cognizable at screening against Defendants Correa, Merritt, and Carlson, in their individual capacities; the remaining claims and defendants were dismissed. (*Id*. at 2-3.) The following day, Plaintiff's objections to the findings and recommendations were filed. (Doc. 38.) On December 19, 2023, Judge Thurston issued an Amended Order, wherein she considered Plaintiff's objections, reaching the same conclusion and otherwise issuing the same order concerning the claims to proceed and the claims and defendants dismissed. (Doc. 39.)

On December 26, 2023, Plaintiff filed a motion for reconsideration of the December 12, 2023, Order. (Doc. 43.) Finding the motion moot given her issuance of an Amended Order on December 19, 2023, Judge Thurston issued an Order Denying Motion for Reconsideration as Moot on January 3, 2024. (Doc. 45.) Plaintiff unsuccessfully appealed that order. (*See* Docs. 47-49, 52, 55.)

## Applicable Legal Standards

The Prison Litigation Reform Act of 1995 ("PLRA") permits a federal court to authorize the commencement and prosecution of any suit without prepayment of fees by a person who submits an affidavit demonstrating that the person is unable to pay such fees. However,

> [i]n no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any

> facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g).

The "three strikes rule" was part of "a variety of reforms designed to filter out the bad claims [filed by prisoners] and facilitate consideration of the good." *Coleman v. Tollefson*, 575 U.S. 532, 535 (2015) (quoting *Jones v. Block*, 549 U.S. 199, 204 (2007)). If a prisoner has three strikes under section 1915(g), the prisoner is barred from proceeding *in forma pauperis* unless he meets the imminent danger exception of serious physical injury. *Andrews v. Cervantes*, 493 F.3d 1047, 1052 (9th Cir. 2007). To meet this exception, the complaint of a three-strikes prisoner must plausibly allege that the prisoner was faced with imminent danger of serious physical injury at the time his complaint was filed. *Williams v. Paramo*, 775 F.3d 1182, 1189 (9th Cir. 2015); *Andrews*, 493 F.3d at 1055. A prisoner may meet the imminent danger requirement by alleging that prison officials continue with a practice that has injured him or others similarly situated in the past, or that there is a continuing effect resulting from such a practice. *Id*. at 1190.

The "PLRA requires a nexus between the alleged imminent danger and the violations of law alleged in the prisoner's complaint." *Ray v. Lara*, 31 F.4th 692, 700 (9th Cir. 2022). Whether such a nexus exists requires a court to consider two things: (1) whether the imminent danger of serious physical injury alleged is fairly traceable to the unlawful conduct asserted in the complaint, and (2) whether a favorable judicial outcome would redress that injury. *Id.* at 701.

<u>Plaintiff Has Accrued Three or More Strikes</u>

To the extent Plaintiff's opposition can be understood to challenge the Court's prior finding that he has accrued three or more strikes pursuant to 28 U.S.C. § 1915(g) because the claims asserted in the four actions judicially noticed by the Court "f[e]ll within" or met *Armstrong*, *Coleman*, and/or *Plata*, Plaintiff's argument is misplaced.

Here, the undersigned agrees with the previously assigned magistrate judge's conclusion that the following four actions count as strikes because they were dismissed for a failure to state a claim: (1) *Wilson v. Tilton*, No. 2:06-cv-01031-LKK-PAN, dismissed September 12, 2006; (2)

*Wilson v. Schwartz*, No. 2:05-cv-01649-GEB-CMK, dismissed October 31, 2006; (3) *Wilson v. Dovey*, No. 2:06-cv-01032-FCD-EFB, dismissed March 8, 2007; and (4) *Wilson v. Veal*, No. 2:06-cv-00067-FCD-KJM, dismissed June 4, 2007. *See Moore v. Maricopa Cty. Sheriff's Office*, 657 F.3d 890, 893-94 (9th Cir. 2011).

If Plaintiff believed those cases were improperly dismissed based upon a failure to state a claim because they "f[e]ll within" or met *Armstrong*, *Coleman*, and/or *Plata,* his remedy was to appeal those dismissals.[4] Moreover, the Supreme Court has held that a prior dismissal on a section 1915(g) ground counts as a strike, even where the dismissal is the subject of an ongoing appeal. *Coleman*, 575 U.S. at 537-540. In short, there is no basis to revisit these strike-qualifying dismissals. *See Benyamini v. Hammer*, No. 2:11-cv-2317 TLN AC P, 2014 WL 2174937, at *2 (E.D. Cal. May 23, 2014) (concerning strikes accrued under 28 U.S.C. § 1915(g), stating "The first two of these cases have been found to constitute strikes, and plaintiff's opposition [to defendant's motion to revoke IFP status] provides no basis to deviate from the law of the case").

## The Imminent Danger Exception

The imminent danger exception forms the crux of Defendants' argument to revoke Plaintiff's IFP status. Defendants contend that Plaintiff's claim as it relates to the asserted imminent danger—his susceptibility and exposure to Valley Fever—is not fairly traceable and cannot be redressed by this action where that claim was dismissed following screening. The Court must first address when the imminent danger exception is to be assessed.

"[T]he three-strikes rule is a screening device that does not judge the merits of prisoners' lawsuits." *Andrews*, 493 F.3d at 1050. The Ninth Circuit has "stress[ed] at the outset that § 1915(g) concerns only a threshold procedural question – whether the filing fee must be paid upfront or later. Separate PLRA provisions are directed at screening out meritless suits early on. See 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b). ... [W]e should not make an overly detailed inquiry

---

[4] In *Wilson v. Tilton*, Plaintiff's appeal was dismissed for a failure to prosecute. (2:06-cv-01031, Doc. 14 [3/7/2007].) Likewise, in *Wilson v. Schwartz* (2:05-cv-01649, Doc. 33 [3/2/2007]), and *Wilson v. Dovey* (2:06-cv-01032, Doc. 20 [7/30/2007]). In *Wilson v. Veal*, the Ninth Circuit affirmed the dismissal and judgment. (2:06-cv-00067, Doc. 17 [1/27/2009].)

into whether the allegations qualify for the exception." *Id*. at 1055. "It is thus particularly important that the inquiry ordinarily be conducted through analysis of the prisoner's facial allegations and that these allegations be liberally construed. The inquiry is in essence administrative and may be conducted as such." *Williams*, 775 F.3d at 1190.

As noted above, Plaintiff was granted IFP status despite having accrued three or more strikes because it was determined his complaint sufficiently asserted the imminent danger exception. Later, following screening of Plaintiff's first amended complaint, the undersigned recommended Plaintiff's Eighth Amendment conditions of confinement claim against Defendants Correa, Merritt, and Carlson be dismissed because Plaintiff failed to establish a sufficient causal connection between his susceptibility to Valley Fever and the conduct attributed to those individuals in the first amended complaint.

In a few cases in this district, defendants have sought to revoke a plaintiff's IFP status where imminent danger properly was pleaded in the original complaint but later dissipated and was not pleaded in an amended complaint due to changed circumstances. In such a situation, those courts held that the imminent danger analysis is limited to the pleadings at the commencement of the action and need not be reexamined when later, amended complaints are filed. *See, e.g., Bradford v. Usher*, No. 1:17-cv-01128-DAD-SAB, 2019 WL 4316899, *4 (E.D. Cal. Sept. 12, 2019) ("imminent danger for purposes of § 1915(g) is to be measured at the time of the commencement of the action and that a determination that the imminent danger exception has been satisfied need not be subsequently reexamined until and unless an appeal is filed"); *Merino v. Gomez*, No. 2:21-cv-0572 JAM KJN P, 2021 WL 4988875, *3 (E.D. Cal. Oct. 27, 2021) (same, citing *Bradford*, 2019 WL 4316899, at *4 & *Simmons v. Wuerth*, 2020 WL 1621368, at *1 (E.D. Cal. Apr. 2, 2020)), recommendation aff'd, 2021 WL 6052166 (Dec. 21, 2021); *see also Lamon v. Mey*, No. 2:21-20-cv-1474 TLN KJN P, 2021 WL 2679058, at *6 (E.D. Cal. June 30, 2021) ("The determination of whether plaintiff is in imminent danger of serious physical injury is determined at the time of filing the complaint, and is not reevaluated based on allegations in an amended complaint," and finding the exception did not apply because plaintiff had been transferred from the facility associated with the imminent danger).

In *Bradford v. Usher*, the magistrate judge granted plaintiff IFP status, finding plaintiff had accrued three or more strikes, but also finding plaintiff made a showing of imminent danger of serious physical injury related to a lack of adequate medical care for deep vein thrombosis (DVT). *Bradford*, 2019 WL 4316899, at *1. The magistrate judge also screened plaintiff's complaint, finding the allegations failed to state cognizable claims for alleged exposure to and contraction of Valley Fever and for a lack of adequate medical care for DVT. *Id*. The plaintiff was granted leave to file a first amended complaint. *Id*. Following screening of the first amended complaint, the court adopted findings and recommendations that the action proceed only on plaintiff's Eighth Amendment claims concerning his alleged exposure and contraction of Valley Fever. *Id*. Thereafter, the magistrate judge issued findings and recommendations to revoke plaintiff' IFP status because the case was proceeding only on plaintiff's claim concerning exposure to and contraction of Valley Fever as asserted in the operative complaint, rather than the DVT claim upon which the imminent danger exception finding rested. *Id*. The plaintiff filed objections and a motion seeking injunctive relief. *Id*. at *2. As to the latter, the magistrate judge issued findings and recommendations to deny injunctive relief. *Id*. The plaintiff filed objections. *Id*. In his Order of September 12, 2019, District Judge Dale A. Drozd considered whether the imminent danger exception was to be assessed at the time the action commenced with the filing of the original complaint or whether the operative complaint was to be considered for purposes of section 1915(g). *Id*. at *2-3. Judge Drozd concluded "the imminent danger for purposes of § 1915(g) is to be measured at the time of the commencement of the action and that a determination that the imminent danger exception has been satisfied need not be subsequently reexamined until and unless an appeal is filed." *Id*. at *4. In that action, because the magistrate judge had previously found the plaintiff made a showing of imminent danger, a second showing was not required. *Id*. Judge Drozd declined to adopt the findings and recommendations to revoke plaintiff's IFP status and the plaintiff was permitted to continue litigating that action *in forma pauperis*. *Id*.

In *Merino v. Gomez*, the magistrate judge ordered service of plaintiff's original complaint asserting Eighth Amendment failure to protect/threat to safety claims against two correctional

officers and the warden. *Merino*, 2021 WL 4988875, at *1. Subsequently, defendants moved to dismiss the claim against the warden and also moved to revoke plaintiff's IFP status. *Id*. Defendants' motion to dismiss was granted and plaintiff was given leave to file an amended complaint because the allegations against the warden were vague and conclusory and the allegations against the correctional officers for routinely disregarding inmate safety concerns were not supported by specific facts. *Id*. The plaintiff filed two separate pleadings in response, one addressing the claims against the correctional officers and the other addressing the claim against the warden. *Id*. In resolving the motion to revoke IFP status as it concerned the imminent danger exception, the magistrate judge noted that the "availability of the imminent danger exception turns on the conditions a prisoner faced at the time the complaint was filed, not at some earlier or later time." *Id*. at *3. Citing to *Bradford*, *Simmons*, and *Andrews,* the magistrate judge stated "[i]mminent danger is measured at the commencement of the action, and is not reevaluated based on allegations in an amended complaint." *Id*. The magistrate judge found plaintiff did not demonstrate that he faced an imminent danger of physical injury in his original complaint. *Id*. at *4. Thus, the magistrate judge recommended the motion to revoke IFP status be granted in that action. *Id*. at *5.

The undersigned finds the holdings in *Bradford* and *Merino* persuasive. The imminent danger exception assessment is measured at the commencement of the action and does not require subsequent reevaluation of an operative or amended complaint.  Thus, the imminent danger exception asserted in Plaintiff's original complaint need not be reexamined. *See Cox v. Daram*, No. 2:21-cv-01778-DJC-JDP (PC), 2023 WL 4542155, at *2 (E.D. Cal. July 14, 2023) (acknowledging some courts have assessed imminent danger "at the time the operative complaint was filed" but determining "[t]he plain language of the imminent danger cause in § 1915(g) indicates that imminent danger is to be assessed at the time of filing of the original complaint [citations]" and that "the conditions that existed at some earlier or later time are not relevant"); *Harding v. Mencias*, No. 2:21-cv-00922 KJM DB P, 2023 WL 3477872, at *3 (E.D. Cal. May 16, 2023) ("although courts appear to disagree over whether the imminent danger analysis looks to the original complaint or an amended complaint, …, the undersigned has determined that the

12

correct test weighs conditions at the time of the original complaint's filing …"); *Blackwell v. Covello*, No. No. 2:20-cv-1755 KJM DB P, 2022 WL 4078848, at *1-2 (E.D. Cal. Sept. 6, 2022) (agreeing with magistrate judge that "the court assesses the threat of imminent danger based on conditions when the original complaint was filed" and finding that "[i]n combination with plaintiff's allegations of his multiple medical conditions, [the allegations that Mule Creek State Prison was not complying with CDCR directives re COVID-19] suffice to demonstrate a threat of imminent danger at the time the complaint was filed," thus declining "to adopt the finding that plaintiff failed to adequately allege a threat of imminent harm at the time the complaint was filed and the recommendation that his *in forma pauperis* status be revoked"). Based upon the foregoing, Defendants' reliance upon *Gonzales v. Podsakoff*, No. 1:15-cv-00924, and that Court's sua sponte revocation of the plaintiff's IFP status following amendment, is not persuasive.

In *Ray v. Lara*, plaintiff filed his complaint alleging violations of the First and Fourteenth Amendments and a motion to proceed IFP. *Ray*, 31 F.4th at 695. The district court screened the complaint and denied IFP, finding plaintiff was barred because he had accrued three or more strikes and "did not qualify for the imminent danger exception because he failed to establish a nexus between his complaint and alleged imminent danger." *Id*. at 696. The plaintiff was ordered to pay the full filing fee, and when he failed to contest the three-strikes determination or to pay the filing fee, the action was dismissed. *Id*. On appeal, the Ninth Circuit found plaintiff alleged imminent danger of serious physical injury in his motion to proceed IFP on appeal, appointed counsel to represent plaintiff, and "directed the parties to address whether § 1915(g) requires a nexus between a plaintiff's claims and alleged imminent danger." *Id*. Addressing a matter of first impression, the Ninth Circuit held "that the PLRA requires a nexus between the alleged imminent danger and the violations of law alleged in the prisoner's complaint." *Id*. at 700. "[I]n order to qualify for the § 1915(g) imminent danger exception, the three-strikes prisoner must allege imminent danger of serious physical injury that is both fairly traceable to unlawful conduct alleged in his complaint and redressable by the court." *Id*. at 701. In that case, it concluded Ray did not qualify for the imminent danger exception because he alleged the defendant censored and confiscated his prison mail and the assertion concerning imminent danger was "due to his prison

13

housing conditions, which he does not allege are unlawful. Ray provides no basis to believe that censorship of his mail contributes to danger he faces as a high-risk inmate housed in general population." *Id*. The appellate court affirmed the district court's dismissal. *Id.* at 702.

The undersigned is not persuaded by Defendants' assertion that the holding in *Ray* requires the Court to find otherwise, given the procedural posture here. As noted above, the undersigned concludes the imminent danger exception is measured at the time this action was commenced. Assessing whether Plaintiff's alleged imminent danger of serious physical injury is fairly traceable and redressable after the original claim to which the assertion was tied has been dismissed following screening of the first amended complaint is an improper reevaluation. *Bradford*, 2019 WL 4316899, at *4; *Merino*, 2021 WL 4988875, at *3; *see also Cox*, 2023 WL 4542155, at *2; *Harding*, 2023 WL 3477872, at *3; *Blackwell*, 2022 WL 4078848, at *1-2.

In this case, although Plaintiff is a "three-striker," his original complaint sufficiently alleged imminent danger of serious physical injury that the Court can and did consider in concluding the section 1915(g) bar did not attach in this instance. Therefore, Plaintiff's IFP status should not be revoked, and Defendants' motion should be denied.

### III.     CONCLUSION AND RECOMMENDATIONS

Based upon the foregoing, the Court **RECOMMENDS**:

1. Plaintiff's sur-reply (Doc. 69) filed August 7, 2024, be **STRICKEN**; and
2. Defendants' motion to revoke Plaintiff's IFP status (Doc. 62) be **DENIED**.

*Remainder of This Page Intentionally Left Blank*

These Findings and Recommendations will be submitted to the district judge assigned to this case, pursuant to 28 U.S.C. § 636(b)(l). **Within 14 days** of the date of service of these Findings and Recommendations, a party may file written objections with the Court. The document should be captioned, "Objections to Magistrate Judge's Findings and Recommendations." Failure to file objections within the specified time may result in waiver of rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: __August 16, 2024__                     _____
                                                UNITED STATES MAGISTRATE JUDGE