UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID WAYNE WILSON,<br><br>        Plaintiff,<br><br>    v.<br><br>LURA MERRITT, et al.,<br><br>        Defendants. | Case No.: 1:22-cv-00455-JLT-CDB (PC)<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS TO DENY DEFENDANTS' MOTION TO REVOKE PLAINTIFF'S *IN FORMA PAUPERIS* STATUS<br><br>(Doc. 70) |

Plaintiff seeks to hold defendants liable for violations of his civil rights pursuant to 42 U.S.C. § 1983. This matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

The magistrate judge recommended Plaintiff's surreply be stricken and defendants' motion to revoke Plaintiff's *in forma pauperis* (IFP) status be denied. (Doc. 70.) The magistrate judge advised the parties that the "failure to file objections within the specified time may result in waiver of his rights on appeal." (*Id*. at 15, citing *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014); *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)). Defendants filed their objections on August 30, 2024. (Doc. 71.)

According to 28 U.S.C. § 636(b)(1)(C), this Court conducted a de novo review of this case. Having carefully reviewed the matter, including defendants' objections, the Court

concludes the Findings and Recommendations to be supported by the record and proper analysis. Among other things, as the magistrate judge explained, despite Plaintiff having three prior "strikes" under 18 U.S.C. § 1915(g), Plaintiff's initial IFP application was granted based upon allegations of imminent danger contained in his initial complaint. (Doc. 70 at 10.) The Defense contends that Plaintiff's IFP status must be revoked because the imminent danger allegations were related to a claim that was later dismissed. (*See generally* Doc. 71.) However, the magistrate judge correctly concluded that imminent danger for purposes of § 1915(g) is evaluated at the commencement of the action and the Court need not reexamine the issue subsequently. (*Id*.) The cases cited by the defense, including *Ray v. Lara*, 31 F.4th 692, 700 (9th Cir. 2022) (requiring "a nexus between the alleged imminent danger and the violations of law alleged in the prisoner's complaint" and explaining that to find a nexus, a court must determine "(1) whether the imminent danger of serious physical injury that a three-strikes litigant alleges is fairly traceable to unlawful conduct asserted in the complaint and (2) whether a favorable judicial outcome would redress that injury"), do not directly address the relevant issue: the timing of the imminent danger/nexus analysis vis-à-vis dismissal of a claim. Thus, the Court **ORDERS**:

1. The Findings and Recommendations issued on August 16, 2024 (Doc. 70) are **ADOPTED IN FULL**.
2. Plaintiff's sur-reply (Doc. 69) filed August 7, 2024, is **STRICKEN**; and
3. Defendants' motion to revoke Plaintiff's IFP status (Doc. 62) is **DENIED**.
4. This matter is referred back to the assigned magistrate judge for further proceedings.

IT IS SO ORDERED.

Dated:   **October 29, 2024**

UNITED STATES DISTRICT JUDGE