1
2
3
4
5
6
7
8                    UNITED STATES DISTRICT COURT

9                    EASTERN DISTRICT OF CALIFORNIA

10

11   DAVID WAYNE WILSON,                     Case No.: 1:22-cv-00455-JLT-CDB (PC)

12                    Plaintiff,             **FINDINGS AND RECOMMENDATIONS
                                             TO DENY PLAINTIFF'S MOTION FOR
13          v.                               JOINDER AND PRELIMINARY
                                             INJUNCTION**
14   LURA MERRITT, et al.,
                                             (Doc. 73)
15                    Defendants.
                                             **14-DAY OBJECTION PERIOD**
16

17          Plaintiff David Wayne Wilson is proceeding pro se and *in forma pauperis* in this civil

18   rights action pursuant to 42 U.S.C. This action proceeds on Plaintiff's Eighth Amendment

19   deliberate indifference to serious medical needs claims against Defendants Carlson, Correa, and

20   Merritt, First Amendment retaliation claim against Defendant Merritt, and Fourteenth

21   Amendment and state law equal protection clause claims against Defendant Carlson.

22          **I.      INTRODUCTION**

23          On November 4, 2024, Plaintiff filed a document titled "Plaintiffs' Notice of Motion and

24   Brief in Support of Motion for Preliminary Injunction and Joiner of Persons Needed for Just

25   Adjudication." (Doc. 73.) Defendants filed an opposition on November 20, 2024. (Doc. 78.)

26   Plaintiff did not file a reply.

27   //

28   //

## II.   DISCUSSION

### A.  The Parties Briefing

#### *Plaintiff's Motion for Injunctive Relief and Joinder (Doc. 73)*

Plaintiff's is approximately 12 pages long and is supported by approximately 30 pages of exhibits. Although Plaintiff's motion is difficult to discern, Plaintiff seeks to join certain prison officials at the Substance Abuse Treatment Facility (SATF) in this action as a result of their actions surrounding his request to be single celled. The motion also seeks injunctive relief in the form of an order from this Court directing SATF officials to place him in a single cell and to allow him to remain in a single cell even if transferred to another prison. Plaintiff also seeks to be transferred to the California Medical Facility in Vacaville, and in particular "Units T, U, V, or Chino, and shall remain single cell for incontinence and medical conditions." Further, Plaintiff seeks an order requiring any transfer be done "by Special-Lift Van only, and all stored property connex 21, and personal property shall be inventoried next prison to stop reprisals."

#### *Defendants' Opposition (Doc. 78)*

Briefly stated, Defendants contend joinder of SATF Warden Morales, Captain Guzman, and Correctional Counselors Alvarez and Tienken is not required because Plaintiff's claims in this action do not explain how those individuals are "necessary to 'accord complete relief among' Plaintiff and Defendants." Nor does the first amended complaint include a claim against or seek relief from those individuals. Further, they contend permissive joinder would be improper because the allegations against Alvarez, Guzman, Morales, and Tienken do not involve the same transactions or series of transactions as those asserted against named Defendants Carlson, Correa, and Merritt concerning Plaintiff's medical treatment by those individuals, nor their alleged retaliation and/or discrimination against him. Rather, Plaintiff's assertions concerning the conduct by Alvarez, Guzman, Morales, and Tienken involve his request for single cell status. Defendants maintain that even if Plaintiff's allegations were liberally construed to connect those individuals to Defendant Correa's alleged disregard of Plaintiff's incontinence, joinder is improper because Plaintiff's motion indicates his request for single cell status was approved and thus Plaintiff cannot argue Correa deprived him in that regard. Additionally, Defendants argue Alvarez's

1   purported delay concerning Plaintiff's request occurred several years after Plaintiff's interaction

2   with Correa. Further, Defendants argue joinder of Alvarez, Guzman, Morales, and Tienken in this

3   action would circumvent the limitations imposed by the Prison Litigation Reform Act (PLRA),

4   allowing Plaintiff to bring unrelated claims and escape his obligation to pay the filing fee or apply

5   to proceed *in forma pauperis* as against those individuals.

6        Next, Defendants argue this Court lacks personal jurisdiction to issue the requested

7   injunction because Plaintiff's motion does not establish Alvarez, Guzman, Morales, and Tienken

8   "'are in active concert or participation with' any Defendant." They maintain the Court also lacks

9   subject matter jurisdiction because the injunction requested is not related to Plaintiff's claims in

10  this action: deliberate indifference to serious medical needs, retaliation, and equal protection

11  claims against three medical providers. Finally, Defendants contend Plaintiff fails to satisfy the

12  applicable *Winter* factors.

13              **B. Standards Concerning Joinder**

14       The Federal Rules of Civil Procedure allow a party to "join, as independent or alternative

15  claims, as many claims as it has against an opposing party." Fed. R. Civ. P. 18(a). And Rule 19

16  provides a party is required to be joined if "(A) in that person's absence, the court cannot accord

17  complete relief among existing parties; or (B) that person claims an interest relating to the subject

18  of the action is so situated that disposing of the action in the person's absence may: (1) as a

19  practical matter impair or impede the person's ability to protect the interest; or (2) leave an

20  existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent

21  obligations because of the interest." Fed. R. Civ. P. 19(a)(1)(A) & (B). However, a plaintiff may

22  sue multiple defendants in the same action only if "any right to relief is asserted against them

23  jointly, severally, or in the alternative with respect to or arising out of the same transaction,

24  occurrence, or series of transactions or occurrences," and there is a "question of law or fact

25  common to all defendants." Fed. R. Civ. P. 20(a)(2). "Thus multiple claims against a single party

26  are fine, but Claim A against Defendant 1 should not be joined with unrelated Claim B against

27  Defendant 2. Unrelated claims against different defendants belong in different suits." *George v.

28  Smith*, 507 F.3d 605, 607 (7th Cir. 2007) (citing 28 U.S.C. § 1915(g)).

### C.  Joinder Analysis

This action proceeds on Plaintiff's allegations of deliberate indifference to serious medical needs for Defendant Carlson's refusal to see or treat Plaintiff following his complaints of dizziness and severe tension headaches, Defendant Correa's refusal to address Plaintiff's incontinence and need for an egg crate mattress, and Defendant Merritt's refusal to address Plaintiff's headaches, dizziness, and severe back and neck pain. Plaintiff's second claim concerns allegations of retaliation by Defendant Merritt, and the third claim concerns allegations of equal protection violations by Defendant Carlson.

Initially, the Court notes joinder is not required pursuant to Rule 19 because the Court can accord complete relief among the existing parties: Plaintiff and Defendants Carlson, Correa, and Merritt. Fed. R. Civ. P. 19(a)(1)(A). Nor does Plaintiff otherwise explain how joinder is required. Fed. R. Civ. P. 19(a)(1)(B); *see Barren v. Dzurenda*, No. 2:19-cv-00142-CDS-VCF, 2023 WL 2242438, at *7 (D. Nev. Feb. 27, 2023) (denying joinder where motion did "not explain how any of the newly named defendants are necessary to this action").

Next, concerning permissive joinder, Plaintiff seeks to join four individuals employed at the SATF for denying his requests to be single celled. However, this Court finds the purported new claim or claims against Alvarez, Guzman, Morales, and Tienken do not arise out of the same transaction, occurrence, or series of transactions as those involving Defendants Carlson, Correa, and Merritt. Fed. R. Civ. P. 20(a)(1). Nor are there common questions of law or fact common to all. Fed. R. Civ. P. 20(a)(2). The denial of single cell status by the SATF Warden, a captain and two correctional counselors are different claims than those presented against the existing defendants involving deliberate indifference, retaliation, and violations of the equal protection clause. Further, this Court agrees with Defendants that joinder of Plaintiff's claims against Alvarez, Guzman, Morales, and Tienken would circumvent the limitations imposed by the PLRA. *George*, 507 F.3d at 607.

In sum, the claims involving Carlson, Correa, and Merritt are unrelated to Plaintiff's allegations against Alvarez, Guzman, Morales, and Tienken; the Court will recommend Plaintiff's motion to join his claims against Alvarez, Guzman, Morales, and Tienken be denied.

### D.  Standards Concerning Injunctive Relief

"A preliminary injunction is an extraordinary remedy never awarded as of right."[1] *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 24 (2008) (citation omitted).

A federal district court may issue emergency injunctive relief only if it has personal jurisdiction over the parties and subject matter jurisdiction over the lawsuit. *See Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc*., 526 U.S. 344, 350 (1999) (noting that one "becomes a party officially, and is required to take action in that capacity, only upon service of summons or other authority-asserting measure stating the time within which the party must appear to defend"). The court may not attempt to determine the rights of persons not before it. *See, e.g*., *Hitchman Coal & Coke Co. v. Mitchell*, 245 U.S. 229, 234-35 (1916); *Zepeda v. INS*, 753 F.2d 719, 727-28 (9th Cir. 1983). Under Federal Rule of Civil Procedure 65(d)(2), an injunction binds only "the parties to the action," their "officers, agents, servants, employees, and attorneys," and "other persons who are in active concert or participation." Fed. R. Civ. P. 65(d)(2)(A)-(C). "When a plaintiff seeks injunctive relief based on claims not pled in the complaint, the court does not have the authority to issue an injunction." *Pac. Radiation Oncology, LLC v. Queen's Med. Ctr*., 810 F.3d 631, 633 (9th Cir. 2015).

Federal courts are courts of limited jurisdiction and in considering a request for preliminary injunctive relief, the Court is bound by the requirement that as a preliminary matter, it have before it an actual case or controversy. *City of L.A. v. Lyons*, 461 U.S. 95, 102 (1983); *Valley Forge Christian Coll. v. Ams. United for Separation of Church & State, Inc.*, 454 U.S. 464, 471 (1982). If the Court does not have an actual case or controversy before it, it has no power to hear the matter in question. *Id*.

Requests for prospective relief are further limited by 18 U.S.C. § 3626(a)(1)(A) of the PLRA, which requires the Court find that the "relief [sought] is narrowly drawn, extends no further than necessary to correct the violation of the Federal Right, and is the least intrusive means necessary to correct the violation of the Federal Right."

---

[1] "The standard for a [temporary restraining order] is the same as for a preliminary injunction." *Rovio Entm't Ltd. v. Royal Plush Toys, Inc.*, 907 F. Supp. 2d 1086, 1092 (N.D. Cal. 2012) (citing *Stuhlbarg Int'l Sales Co. v. John D. Brush & Co.*, 240 F.3d 832, 839 n.7 (9th Cir. 2001)) (citation omitted).

"A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Glossip v. Gross*, 576 U.S. 863, 876 (2015) (quoting *Winter*, 555 U.S. at 20). "Under *Winter*, plaintiffs must establish that irreparable harm is likely, not just possible, in order to obtain a preliminary injunction." *Alliance for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1131 (9th Cir. 2011).

### E.  Injunctive Relief Analysis

#### Personal Jurisdiction

As noted above, an injunction binds only "the parties to the action," their "officers, agents, servants, employees, and attorneys," and "other persons who are in active concert or participation." Fed. R. Civ. P. 65(d)(2)(A)-(C). The parties to this action are Defendants Carlson, Correa, and Merritt. And as found above, Alvarez, Guzman, Morales, and Tienken have not acted in concert nor participated with Defendants Carlson, Correa, and Merritt. Therefore, the Court lacks personal jurisdiction over Alvarez, Guzman, Morales, and Tienken and should not grant injunctive relief. *Pac. Radiation Oncology, LLC*, 810 F.3d at 633; *Zepeda*, 753 F.2d at 727-28.

#### Subject Matter Jurisdiction

Plaintiff's deliberate indifference to serious medical needs claims against Defendants Carlson, Correa, and Merritt, retaliation claim against Defendant Merritt, and the equal protection violations alleged against Defendant Carlson are unrelated to his claims against Alvarez, Guzman, Morales, and Tienken. There is no actual case or controversy involving those individuals. *Lyons*, 461 U.S. at 102; *Valley Forge Christian Coll.*, 454 U.S. at 471. As such, the Court lacks necessary subject matter jurisdiction.

#### The Winter Factors

##### The Likelihood of Success on the Merits

In deciding whether a preliminary injunction should issue, the likelihood of success on the merits is the most important factor for the court to consider. *Disney Enterprises, Inc. v. VidAngel, Inc.*, 869 F.3d 848, 856 (9th Cir. 2017).

Considering Plaintiff's proposed claims against Alvarez, Guzman, Morales, and Tienken,

6

this Court finds Plaintiff is unlikely to succeed on the merits. It is well settled that prisoners have no constitutional right to placement in any particular prison, to any particular security classification, or to any particular housing assignment. *See Olim v. Wakinekona*, 461 U.S. 238, 245 (1983); *Meachum v. Fano*, 427 U.S. 215, 225 (1976); *Rhodes v. Chapman*, 452 U.S. 337, 348-349 (1981) (finding inmates had no constitutional right to be housed in single cells); *see also Uhuru v. Cuevas*, No. 2:23-cv-1380 TLN DB P, 2023 WL 5562418, at *4 (E.D. Cal. Aug. 29, 2023) (recommending motion for preliminary injunction be denied where "plaintiff seeks an order from this court directing prison officials to allow him to be single celled"), adopted in full, 2023 W3L 6214881 (Sept. 25, 2023); *Hammler v. Kernan*, No. 1:19-cv-00497-DAD-SAB, 2019 WL 5260442, at *7 (E.D. Cal. Oct. 17, 2019) (discussing procedural due process claim and stating "Plaintiff has no constitutional right to single cell status" and that "California regulations provide that it is the expectation that all inmates double cell whether housed in a Reception Center, General Population (GP), an ASU, a SHU, or specialty housing unit. Cal. Code Regs. tit. 15, § 3269"); *Hammler v. Director of CDCR*, No. 2:17-cv-1949 MCE DB P, 2019 WL 4187725, at *3 (E.D. Cal. Sept. 4, 2019) (stating "[w]hile the court takes seriously plaintiff's safety concerns, plaintiff is not entitled to dictate his housing assignments" and noting "it is improper for the court to second guess the decisions of prison officials regarding day-to-day operations of prisons," citing *Whitley v. Albers*, 475 U.S. 312, 322 (1986)); *see also Coleman v. CDCR*, No. 2:13-cv-1021 KJN P, 2014 WL 1328974, at *2 (E.D. Cal. Mar. 31, 2014) (denying relief and stating "Plaintiff cannot bring new allegations into his suit by means of a motion for a preliminary injunction. Otherwise, plaintiff could circumvent the requirement that he exhaust his administrative remedies by simply bringing new allegations into his suit through such a motion. Plaintiff must also demonstrate that his claims are likely to succeed, but plaintiff's claims cannot succeed if the allegations in his motion for a preliminary injunction were not raised in the operative pleading").

In sum, Plaintiff cannot establish he is likely to succeed on the merits of his proposed claims against Alvarez, Guzman, Morales, and Tienken.

//

Irreparable Harm

Next, to successfully make an irreparable harm showing, the moving party must "demonstrate that irreparable injury is *likely* in the absence of an injunction." *Winter*, 555 U.S. at 22 (emphasis in original). Plaintiff must do more than plausibly allege imminent harm; he must demonstrate it. *Caribbean Marine Servs. Co., Inc. v. Baldridge*, 844 F.2d 668, 674 (9th Cir. 1988). This requires Plaintiff to clearly show specific facts that demonstrate a credible threat of immediate and irreparable harm. Fed. R. Civ. P. 65(b).

Here, the proposed claims against Alvarez, Guzman, Morales, and Tienken do not suggest real and immediate threat of injury. Other than Plaintiff's complaints that he is unable to change his diaper in private and the distance to the "ADA back toilet" causes him to soil himself (*see, e.g.* Doc. 73 at 4), it is not clear Plaintiff has suffered or will suffer any irreparable injury because he is not single-celled. *See, e.g*., *Pollard v. Harrington*, No. 1:09-cv-1232-LJO-MJS (PC), 2012 WL 3778822, at *7 (E.D. Cal. Aug. 30, 2012) (denying injunctive relief to plaintiff seeking single cell, noting "[n]othing in the Complaint suggests real and immediate threat of injury").

Other Winter Factors

The balance of equities and public interest factors "merge into one inquiry when the government opposes a preliminary injunction." *Porretti v. Dzurenda*, 11 F.4th 1037, 1050 (9th Cir. 2021). Plaintiff argues Alvarez, Guzman, Morales, and Tienken have no interest in requiring Plaintiff to live in a dorm setting and that the public has an interest inmates' ability to access the courts. Plaintiff's access to the courts reference misses the mark—Plaintiff's access to the courts is not at issue. Plaintiff is asking the Court to weigh in on a housing assignment by seeking an injunction forcing prison officials to house him in a single cell. This Court finds it should avoid such interference. *See, e.g., Crump v. O'Campo*, No. 2:20-cv-2343 KJN P, 2021 WL 960964, at *2 (E.D. Cal. Mar. 15, 2021) ("the public interest weighs in favor of not interfering with prison administration, particularly with regard to mental health treatment and housing decisions").

Finally, Plaintiff's motion also seeks to enjoin future prison officials, at any prison to which Plaintiff may be transferred in the future, from assigning Plaintiff to anything other than a single cell. Hence, the relief Plaintiff seeks is not narrowly drawn. 18 U.S.C. § 3626(a)(1)(A).

In sum, Plaintiff's motion fails to demonstrate the required *Winter* factors. *Winter*, 555 U.S. at 20; *Alliance for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1135 (9th Cir. 2011) (*Winter* requires a plaintiff to make a showing on all the *Winter* factors). Therefore, the Court will recommend Plaintiff's motion for preliminary injunction be denied.

### III.   CONCLUSION AND RECOMMENDATIONS

Based upon the foregoing, this Court **RECOMMENDS** that Plaintiff's motion for joinder and preliminary injunction (Doc. 73) be **DENIED**.

These Findings and Recommendations will be submitted to the United States District Judge assigned to this case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). **Within 14 days** after being served with a copy of these Findings and Recommendations, a party may file written objections with the Court. Local Rule 304(b). The document should be captioned, "Objections to Magistrate Judge's Findings and Recommendations" and **shall not exceed 15 pages** without leave of Court and good cause shown. The Court will not consider exhibits attached to the Objections. To the extent a party wishes to refer to any exhibit(s), the party should reference the exhibit in the record by its CM/ECF document and page number, when possible, or otherwise reference the exhibit with specificity. Any pages filed in excess of the 15-page limitation may be disregarded by the District Judge when reviewing these Findings and Recommendations under 28 U.S.C. § 636(b)(l)(C). A party's failure to file any objections within the specified time may result in the waiver of certain rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014).

IT IS SO ORDERED.

Dated:   __**December 26, 2024**__          _____

UNITED STATES MAGISTRATE JUDGE