UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID WAYNE WILSON,<br><br>    Plaintiff,<br><br>  v.<br><br>LURA MERRITT, et al.,<br><br>    Defendants. | Case No.: 1:22-cv-0455 JLT CDB (PC)<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS AND DENYING PLAINTIFF'S MOTION FOR JOINDER AND PRELIMINARY INJUNCTION<br><br>(Docs. 73, 79) |

  David Wayne Wilson seeks to hold the defendants liable for violations of his civil rights while in housed at the California Substance Abuse Treatment Facility. (*See* Docs. 32, 35.) The action proceeds on the following claims: (1) Eighth Amendment deliberate indifference to serious medical needs against Defendants Fishburn, Merritt and Carlson; (2) First Amendment retaliation against Merritt; (3) Fourteenth Amendment equal protection clause against Carlson; and (4) state law equal protection clause against Carlson. (Doc. 35 at 2.) Plaintiff now seeks to join several employees at SATF as defendants, including correctional counselors Alvarez and Tienken, Captain Guzman, and SATF Warden Morales. (Doc. 73 at 3.) Further, Plaintiff requests injunctive relief, directing that he be housed in a single-cell unit and transferred to a different facility. (*Id.* at 4.)

  The magistrate judge found "joinder is not required pursuant to Rule 19 because the Court can accord complete relief among the existing parties." (Doc. 79 at 4.) The magistrate judge

found permissive joinder was not appropriate because "the purported new claim or claims against Alvarez, Guzman, Morales, and Tienken do not arise out of the same transaction, occurrence, or series of transactions as those involving Defendants Carlson, Correa, and Merritt." (*Id.* at 5.) In addition, the magistrate judge found there were not "common questions of law or fact common to all," because "[t]he denial of single cell status by the SATF Warden, a captain and two correctional counselors are different claims than those presented against the existing defendants involving deliberate indifference, retaliation, and violations of the equal protection clause." (*Id.*) Finally, the magistrate judge opined the "joinder of Plaintiff's claims against Alvarez, Guzman, Morales, and Tienken would circumvent the limitations imposed by the PLRA." (*Id.*, citing *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007).) Consequently, the magistrate judge recommended the Court deny the motion to join defendants. (*Id.* at 4, 9.)

Turning to Plaintiff's request for injunctive relief, the magistrate judge found the Court lacks jurisdiction over nonparties—including Alvarez, Guzman, Morales, and Tienken—and should not grant injunctive relief. (Doc. 79 at 6.) The magistrate judge determined that Plaintiff was "unlikely to succeed on the merits" of the new proposed claims, because "[i]t is well settled that prisoners have no constitutional right to placement in any particular prison, to any particular security classification, or to any particular housing assignment." (*Id.* at 6-7.) In addition, the magistrate judge found Plaintiff did not allege "real and immediate threat of injury" from not being housed in a single cell. (*Id.* at 8.) Further, the magistrate judge observed that Plaintiff's motion also sought to enjoin future prison officials related to his housing, and the relief requested was "not narrowly drawn." (*Id.*) Therefore, the magistrate judge found Plaintiff failed to satisfy the factors identified by the Supreme Court in *Winter v. Nat. Res. Def. Council Inc.*, 55 U.S. 7, 24 (2008) and recommended the Court deny Plaintiff's request for injunctive relief. (*Id.* at 9.)

Plaintiff filed objections to the Findings and Recommendations, asserting that joinder should be permitted under Rule 20(a)(1) of the Federal Rules of Civil Procedure, observing that the Rule provides: "All persons may be joined in one action as plaintiffs if they assert any right to relief jointly, severly (sic), or in the alternative in respect of or acting out of the same transaction or occurrances (sic) and in any question of law or fact common to all these persons will arise in

1    the action." (Doc. 80 at 1.) He also maintains his proposed claims "do rise out of the same
2    transactions or occurrances (sic)." (*Id.* at 2.) In support of this assertion, Plaintiff provides a
3    "nexus of factual evidence," to including evidence related to the denials of his requests for single
4    cell housing. (*Id.* at 2, 9-8.) He also contends Alvarez, Tinken, and Guzman are engaged in a
5    conspiracy to deny his civil rights, and they had "no right denying Single Cell." (*Id.* at 3-4.)
6    Plaintiff also submits exhibits to support his objections, including: Grievance #649803 dated
7    November 5, 2024, (*id.* at 6-7); the decision dated December 12, 2024 (*id.* at 8-9); appeal dated
8    January 5, 2025 (*id.* at 10-11); health care requests made in November 2024 (*id.* at 13-14); and a
9    memorandum dated January 19, 2016 concerning "inmate housing assignment considerations
10   during the screening and housing process" (*id.* at 14-16).

11           As an initial matter, Plaintiff does not dispute the finding of the magistrate judge that
12   joinder was not mandatory under Rule 19 of the Federal Rules of Civil Procedure. In addition,
13   Plaintiff's reliance upon Rule 20(a)(1) of the Federal Rules of Civil Procedure is misplaced,
14   because this provision of Rule 20(a) concerns the permissive joinder of other *plaintiffs*, not
15   defendants. *See* Fed. R. Civ. P. 20(a)(1); *see also Knight v. City of Sacramento Police Dep't*,
16   2014 WL 1883962, at *2 (E.D. Cal. May 9, 2024). Rather, the permissive joinder of *defendants* is
17   addressed in Rule 20(a)(2), which requires claims arise out of the same transaction, occurrence, or
18   series of events for defendants to be joined; and requires a common question of law or fact to all
19   defendants. *See* Fed. R. Civ. P. 20(a)(2). This case proceeds on claims related to actions taken in
20   2019 and 2020, including: deliberate indifference to serious medical need, retaliation for a
21   grievance concerning the refusal to provide medical treatment, and violations of the federal and
22   state equal protection clauses related to the refusal of treatment. (*See* Docs. 32, 39.) There is no
23   connection between these alleged events and the denials of Plaintiff's later requests for single-cell
24   housing by Alvarez, Guzman, Morales, and Tienken. Consequently, Plaintiff fails to show
25   permissive joinder is appropriate under Rule 20. Further, Plaintiff does not dispute the findings
26   of the magistrate judge related to the *Winter* factors, which do not support Plaintiff's request for
27   injunctive relief.
28           According to 28 U.S.C. § 636(b)(1), this Court performed a *de novo* review of this case.

3

Having carefully reviewed the matter, the Court concludes the Findings and Recommendations are supported by the record and proper analysis. Thus, the Court **ORDERS**:

1. The Findings and Recommendations issued on December 26, 2024 (Doc. 79) are **ADOPTED** in full.
2. Plaintiff's motion for joinder and preliminary injunction (Doc. 73) is **DENIED**.

IT IS SO ORDERED.

Dated:  **March 6, 2025**

UNITED STATES DISTRICT JUDGE

4