1
2
3
4
5
6
7
8              UNITED STATES DISTRICT COURT

9              EASTERN DISTRICT OF CALIFORNIA

10

11   DAVID WAYNE WILSON,                    Case No.: 1:22-cv-00455-JLT-CDB (PC)

12              Plaintiff,                  **ORDER GRANTING IN PART
                                            DEFENDANTS' EX PARTE
13        v.                                APPLICATION TO MODIFY THE
                                            DISCOVERY AND SCHEDULING ORDER**
14   LURA MERRITT, et al.,
                                            (Doc. 83)
15              Defendants.

16

17        Plaintiff David Wayne Wilson is proceeding pro se and *in forma pauperis* in this civil

18   rights action pursuant to 42 U.S.C. § 1983. The action proceeds on Plaintiff's constitutional

19   claims against Defendants Correa, Carlson, and Merritt.

20        **I.      INTRODUCTION**

21        The Court issued its Discovery and Scheduling Order on November 5, 2024. (Doc. 75.)

22        On March 4, 2025, Defendants filed an Ex Parte Application to Modify the Discovery and

23   Scheduling Order. (Doc. 83.) The Court deems any response by Plaintiff unnecessary.

24        **II.     DISCUSSION**

25        Defendants ask the Court to modify the remaining deadlines provided for in its Discovery

26   and Scheduling Order. (Doc. 83 at 3.) Specifically, defense counsel declares that due to the "press

27   of business," he has been unable to fully investigate, prepare and file a potential exhaustion

28   motion by the current deadline of March 5, 2025. (*Id*., ¶ 2.) Counsel provides detailed information

1   regarding his assignments and obligations in approximately six other California district court

2   actions, and one state court wrongful death action, since the Court issued its Discovery and

3   Scheduling Order in this case. (*Id.*, ¶ 3 [detailing multiple assignments and related filings].)

4   Further, counsel states he was on a pre-planned leave of absence from December 27, 2024, to

5   January 12, 2025. (*Id.*) Next, defense counsel declares that in the next 60 days he will prepare and

6   serve further discovery, prepare a settlement evaluation, attend a hearing on a responsive

7   pleading, prepare another responsive pleading, prepare oppositions to motions filed by plaintiffs,

8   and prepare a dispositive motion, in those same actions. (*Id.*) Moreover, counsel declares he has

9   identified 19 potentially relevant healthcare grievances, each multiple pages in length, that will

10  require significant time for evaluation and preparation of an exhaustion motion in this action. (*Id.*)

11  Defense counsel further notes that "if additional CDCR employees are joined as defendants in

12  this action," he anticipates his office will represent them. (*Id.*, ¶ 3.)[1] Given the procedural posture

13  of this action and counsel's competing obligations, counsel declares that extending the requested

14  exhaustion motion deadline will allow the Court to determine that motion before reaching the

15  merits. (*Id.*, ¶ 4.) Defense counsel requests that the Court also extend the discovery cut-off

16  deadline to September 3, 2025, and the deadline for filing a dispositive motion to November 14,

17  2025. (*Id.*) Counsel declares the application was filed ex parte because it is difficult to coordinate

18  a stipulation due to Plaintiff's incarceration and pro se status; he does not believe Plaintiff would

19  be prejudiced by the request. (*Id.* ¶ 5.) Finally, Defendants have not sought a previous

20  modification of the scheduling order. (*Id.*, ¶ 6.)

21          The Court will extend the deadline for filing an exhaustion motion from March 5, 2025, to

22  May 5, 2025. It will vacate the deadlines for the completion of discovery and for the filing of a

23  dispositive motion addressing the merits of Plaintiff's claims. Those deadlines will be reset

24  following determination of Defendants' anticipated motion for summary judgment regarding

25  exhaustion, if necessary.

26

27  [1] Following the filing of the instant ex parte application, District Judge Jennifer L. Thurston issued her Order
    Adopting Findings and Recommendations and Denying Plaintiff's Motion for Joinder and Preliminary Injunction on

28  March 6, 2025. As a result, no further defendants will be required to appear in this action.

### III.    CONCLUSION AND ORDER

For good cause shown, **IT IS HEREBY ORDERED** that:

1.  Defendants' ex parte application to modify the scheduling order (Doc. 83) is

    **GRANTED IN PART** as follows:

    a.    The deadline for filing an exhaustion motion is **EXTENDED** from March 5,

         2025, **to May 5, 2025**, *nunc pro tunc*;

    b.   The previous deadlines for the completion of discovery (7/5/2025) and for the

         filing of a summary judgment motion addressing the merits of Plaintiff's

         claims (9/15/2025) are **VACATED**. Those deadlines will be reset, if

         necessary, following determination of Defendants' anticipated exhaustion

         motion by the assigned district judge; and

2.  The Court will address Plaintiff's "Second Amended Complaint" (Doc. 81) lodged

    February 3, 2025, and Defendants' Request for Screening (Doc. 83) filed February 18,

    2025, separately and in due course.

IT IS SO ORDERED.

Dated:   __**March 10, 2025**__        _____

UNITED STATES MAGISTRATE JUDGE

3