UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID WAYNE WILSON,<br><br>    Plaintiff,<br><br>v.<br><br>LURA MERRITT, et al.,<br><br>    Defendants. | Case No.: 1:22-cv-00455-JLT-CDB (PC)<br><br>**ORDER REGARDING PLAINTIFF'S LODGED SECOND AMENDED COMPLAINT AND DEFENDANTS' REQUEST FOR SCREENING**<br><br>(Docs. 81 & 82) |

Plaintiff David Wayne Wilson is proceeding pro se and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983. The action proceeds on Plaintiff's constitutional claims against Defendants Correa, Carlson, and Merritt.

**I.     RELEVANT BACKGROUND**

The Court issued its Discovery and Scheduling Order on November 5, 2024. (Doc. 75.) Relevant here, the deadline to amend pleadings was set for February 5, 2025. (*Id.*)

On February 3, 2025, Plaintiff lodged a second amended complaint. (Doc. 81.)

On February 18, 2025, Defendants filed a request for screening of the amended complaint. (Doc. 82.)

On March 6, 2025, Plaintiff filed a document titled "Plaintiff's Opposition for Denial Defendant's Request for Screening of Plaintiff's Second Amended Complaint Under PLRA for Defendant's Improper Purpose and Unnecessary Delay Court Order Nov 5 2024." (Doc. 85.)

## II. DISCUSSION

### A. The Lodged Second Amended Complaint

Rule 15(a) of the Federal Rules of Civil Procedure states, in pertinent part:

**(a) Amendments Before Trial.**

> (1) *Amending as a Matter of Course*. A party may amend its pleading once as a matter of course no later than:
>
> > (A) 21 days after serving it, or
> >
> > (B) if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier.
>
> (2) *Other Amendments*. In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires.

Fed. R. Civ. P. 15(a)(1) & (2). In evaluating a motion to amend, the Court considers the following factors: (1) undue delay; (2) bad faith; (3) prejudice to the opponent; and (4) futility of amendment. *Loehr v. Ventura Cnty. Cmty. Coll. Dist.*, 743 F.2d 1310, 1319 (9th Cir. 1984). These factors are not of equal weight as prejudice to the opposing party has long been held to be the most critical factor in determining whether to grant leave to amend. *See Sonoma Cnty. Ass'n of Retired Employees v. Sonoma Cnty.*, 708 F.3d 1109, 1117 (9th Cir. 2013) ("[T]he consideration of prejudice to the opposing party carries the greatest weight"); *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003) ("As this circuit and others have held, it is the consideration of prejudice to the opposing party that carries the greatest weight").

As noted above, the deadline to amend pleadings was set for February 5, 2025. And while Plaintiff submitted a second amended complaint prior to the relevant deadline, he has failed to comply with Rule 15 because he failed to file a motion seeking leave to file an amended complaint[1] or to obtain Defendants' written consent for doing so.

---

[1] *See, e.g.*, *Howard v. Rodriguez*, No. 1:24-cv-00285-JLT-SAB (PC), 2024 WL 3970464, at *3 (E.D. Cal. Aug. 28, 2024) (noting "Plaintiff cannot seek to amend the complaint by way of an attachment to his motion for appointment of counsel, without filing a separate motion seeking such relief and meeting the Rule 15 standard"); *Bradford v. Ogbuehi*, No. 1:17-cv-01128-DAD-SAB (PC), 2020 WL 1970063, at *3

1  Rule 15(a)(1) —allowing for amendment as a matter of course— does not apply here
2  because Defendants filed an answer to Plaintiff's first amended complaint on March 19, 2024
3  (Doc. 53), and more than 21 days have elapsed following that filing. Thus, Plaintiff is required to
4  obtain Defendants' written consent or the Court's leave. *See* Fed. R. Civ. P. 15(a)(2). Here,
5  however, Plaintiff did not seek and obtain Defendants' written consent to any amendment. (Doc.
6  82 at 5, ¶ 2.) Nor does Plaintiff have the Court's leave to file a second amended complaint. When
7  Plaintiff submitted his second amended complaint to the Court, it was *lodged* rather than filed
8  because no motion seeking the Court's leave to amend accompanied the second amended
9  complaint. Hence, Plaintiff's submission is procedurally defective because it does not comply
10 with Rule 15(a).

11  In his opposition to Defendants' request for screening, Plaintiff contends that his second
12 amended complaint "meets" subdivision (d) of Rule 15 and complies with the Court's scheduling
13 order. (*See* Doc. 85 at 3.) Subdivision (d) concerns supplemental pleadings and provides as
14 follows:

> *On motion* and reasonable notice, the court may, on just terms, permit a party to serve a supplemental pleading setting out any transaction, occurrence, or event that happened after the date of the pleading to be supplemented. The court may permit supplementation even though the original pleading is defective in stating a claim or defense. The court may order that the opposing party plead to the supplemental pleading within a specified time.

19 Fed. R. Civ. P. 15(d), italics added. Here again, Plaintiff did not file any motion seeking leave to
20 file a supplemental pleading in this action. And, significantly, Plaintiff's lodged pleading does not
21 support this argument—the title of the pleading lodged February 3, 2025, commences with the
22 words "SECOND AMENDED COMPLAINT" and makes no reference to a supplemental
23 pleading. (Doc. 81.) Nor does the Court find any basis to permit such a filing.

---

(E.D. Cal. Apr. 24, 2020) (noting plaintiff had not been granted leave to file a second amended complaint and did not file a motion for leave to amend; advising plaintiff "is required to familiarize himself with the Federal and Local Rules and comply with both the rules and the orders of the court in litigating this matter"); *Houston v. Rio Consumnes Correctional Facility*, No. 2:15-cv-2055 WBS KJN P, 2016 WL 7474909, at *1 (E.D. Cal. Dec. 29, 2016) (striking proposed second amended complaint because answer filed by defendants and plaintiff failed to file a motion to amend or a stipulation to amend the complaint signed by all parties).

**B. Previous Findings and Analysis**

In its First Screening Order addressing Plaintiff's complaint, issued April 4, 2023, the undersigned found the complaint stated the following cognizable claims: (1) a First Amendment retaliation claim against Defendant Merritt; (2) Eighth Amendment deliberate indifference to serious medical needs claims against Defendants Correa[2] and Merritt; and (3) a Fourteenth Amendment equal protection violation against Defendant Carlson; however, Plaintiff's complaint failed to state any other cognizable claims for relief against any other defendant. (Doc. 28.) Plaintiff was granted leave to file a first amended complaint, curing the deficiencies identified in the order, within 21 days. (*Id*. at 27-28.)

Thereafter, on April 21, 2023, Plaintiff filed a first amended complaint. (Doc. 32.) On November 21, 2023, the undersigned issued Findings and Recommendations to Dismiss Certain Claims and Defendants Following Screening of Plaintiff's First Amended Complaint. (Doc. 34.) In particular, the Court found Plaintiff alleged the following cognizable claims: (1) Eighth Amendment deliberate indifference to serious medical needs claims against Defendants Correa,[3] Merritt[4] and Carlson,[5] in their individual capacities; (2) a First Amendment retaliation claim against Defendant Merritt,[6] in her individual capacity; (3) a Fourteenth Amendment equal protection violation against Defendant Carlson,[7] in her individual capacity; and (4) a state law equal protection violation against Defendant Carlson,[8] in her individual capacity; it recommended the action proceed on the foregoing claims and that any remaining claims against those

---

[2] Defendant Correa was sued under the name "Fishburn." (*See* Doc. 53 [Answer].)

[3] Specifically, for Correa's refusal to address "Plaintiff's incontinence and need for an egg crate mattress." (Doc. 34 at 10.)

[4] For Merritt's refusal to address Plaintiff's complaints of "headaches, dizziness, and severe back and neck pain." (Doc. 34 at 10.)

[5] For Carlson's refusal to see or treat Plaintiff following his "complaints of dizziness and severe tension headaches." (Doc. 34 at 10.)

[6] For Merritt's refusal "to treat Plaintiff because he filed health care grievances complaining about Merritt's lack of cleanliness and other deficiencies …." (Doc. 34 at 11.)

[7] For Carlson's refusal to allow Plaintiff to see a physician because he is African American. (Doc. 34 at 15.)

[8] *See* n.7, above.

1  defendants be dismissed.⁹ (*Id*. at 4-17.) Over Plaintiff's objections, the Findings and
2  Recommendations were adopted in full by District Judge Jennifer L. Thurston on December 19,
3  2023. (Doc. 39.) Judge Thurston also denied Plaintiff's motion for reconsideration of her order
4  adopting on January 3, 2024. (Doc. 45.) Further, Plaintiff's appeal to the Ninth Circuit Court of
5  Appeals was dismissed for a lack of jurisdiction. (Docs. 52 [Order] & 55 [Mandate].) Therefore,
6  any previously dismissed claims may not be reasserted, nor may any previously dismissed
7  defendant be named, in an amended complaint.

8        The Court has briefly reviewed the lodged second amended complaint, titled "Second
9  Amended Complaint for Declaratory and Injunctive Relief and Compensatory Punitive and
10 Prospective Damages for Deliberate Indifference by Delayed Care for Retaliation to Free Speech
11 Inadequate Medical Care No Doctor B-Facility Clinic by Nurse Practitioner."

12       It appears Plaintiff seeks to assert Eighth Amendment deliberate indifference to serious
13 medical needs claims against Defendants Carlson, Correa, and Merritt (first cause of action), First
14 Amendment retaliation against Defendant Merritt (second cause of action), and a claim (third
15 cause of action) styled "(Failure to treat Eighth Amendment Condition for Further Significant
16 Injury)," referencing the "Plata SETTLEMENT and Armstrong ADA RA Remedial Plan
17 3/21/2021," that "Defendants have violated plaintiff & other similarly situated guaranteed rights
18 by Eighth Amendment's U.S. Constitution for access to adequate medical doctor's, and medical
19 Nurse's Superivisor's [sic] inadequate care that does not cause delayed care and physical harm,"
20 and "medical denials and SATF non-compliance that are not reasonable related to any legitimate
21 penological interests … where harassment for denied and delayed medical care." (Doc. 81 and
22 10-11.) Further, Plaintiff asserts factual allegations arising after his first amended complaint was
23 filed and screened, to wit: (1) the fact Plaintiff "received" the egg crate mattress on June 7, 2023,
24 asserting a delay of "four ½ years", and a delay of "Propet Orthopedic Boots" until "8/2024;" and
25 (2) that Plaintiff filed a health care request "for Single Cell & seen NP Merritt, for Incontigent
26 [sic] & C-PAP Alarm & distance 60-90 ft. Thermal Underwear soiled & Merritt denied deferring

27

28 ⁹ The Court further recommended several other named defendants be dismissed from the action. (*Id*. at 17-18.)

5

1 | Custody, & 602 #300697 GRANTED & CDC Memo 1/19/2016 Grants." (Doc. 81 at 9.)

2 | First, the review reveals Plaintiff's lodged second amended complaint seeks to name Defendants Carlson, Correa, and Merritt "in their individual and official capacities." (Doc. 81 at 3.) As Plaintiff has been previously advised, he may not seek monetary damages against individual defendants in their official capacities because such claims are barred by the Eleventh Amendment. (*See* Doc. 28 at 12, 26 & Doc. 34 at 7-8.) Therefore, the lodged second amended complaint is improper as concerns the named defendants in an official capacity.

Second, to the extent Plaintiff's lodged second amended complaint specifically seeks to assert that Defendant Merritt delayed medical care by refusing to provide an egg crate mattress and orthopedic boots until June 2023, those facts are not truly new or necessary to his Eighth Amendment deliberate indifference to serious medical needs claims. Rather, any delay by Merritt is included in Plaintiff's claim that she refused to address his complaints of headaches, dizziness, and severe back and neck pain in 2019 and/or 2020. Amending the complaint to include the date Plaintiff received the items about which he previously asserted were denied him is not necessary because delay was inferred from the assertions made in Plaintiff's original complaint filed April 18, 2022, and first amended complaint filed April 21, 2023.

As concerns Plaintiff's assertions regarding a "health care request" and related grievance that was purportedly granted, despite Plaintiff's failure to include any relevant dates, these factual allegations alone do not state a cognizable claim for relief. As Plaintiff was also previously advised, "Prisoners do not have 'a separate constitutional entitlement to a specific prison grievance procedure.' *Ramirez v. Galaza*, 334 F.3d 850, 860 (9th Cir 2003) (citing *Mann v. Adams*, 855 F.2d 639, 640 (9th Cir. 1988))." (*See* Doc. 28 at 12.)

Plaintiff has had previous opportunities to amend his complaint. He was provided specific information concerning the deficiencies identified in his original and first amended complaints during the screening process, and yet the lodged second amended complaint contains the same deficiencies: to wit, improper official capacity claims against Defendants Carlson, Correa, and Merritt; and the outcome of a grievance or grievances. Plaintiff has either chosen to ignore this Court's previous screening orders or is incapable of curing the deficiencies identified therein.

6

1 Thus, even had Plaintiff properly moved to file an amended complaint, this Court finds granting
2 Plaintiff further leave to amend would have been futile. *See Hartman v. CDCR*, 707 F.3d 1114,
3 1129-30 (9th Cir. 2013) (affirming dismissal of first amended complaint and finding leave to
4 amend futile where complaint's allegations belied plaintiff's entitlement to relief); *see also*
5 *Metzler Inv. GMBH v. Corinthian Colls., Inc.*, 540 F.3d 1049, 1072 (9th Cir. 2008) (explaining
6 that "the district court's discretion to deny leave to amend is particularly broad where plaintiff has
7 previously amended the complaint") (citation & internal quotation marks omitted).

In sum, Plaintiff failed to obtain Defendants' consent to file an amended complaint, and he failed to timely file a motion seeking the Court's leave to do so, as required by Rule 15 of the Federal Rules of Civil Procedure. Further, despite the fact Plaintiff failed to seek this Court's leave to file a second amended complaint and failed to obtain Defendants' consent to do so, the proposed amendments in the lodged second amended complaint are unnecessary to the extent Plaintiff asserts a delay in receipt of the egg crate mattress and/or orthopedic boots, and futile to the extent he seeks to assert a claim based upon the denial of a later grievance and as to any official capacity claim against the named defendants. The Court will strike the lodged second amended complaint and deny Defendants' request for screening as moot. This action continues to proceed only on the claims asserted in the operative first amended complaint.

### III.   CONCLUSION AND ORDER

Accordingly, the Court **HEREBY ORDERS**:

1. The Clerk of the Court is directed to **STRIKE** the lodged second amended complaint (Doc. 81) submitted on February 3, 2025;
2. Defendants' request for screening of the lodged second amended complaint (Doc. 82) is **DENIED** as moot;
3. This action proceeds on the operative first amended complaint; and
4. The parties are reminded that the Discovery and Scheduling Order for this action was modified on March 10, 2025. (See Doc. 86.) More particularly, the remainder of the deadlines were modified as follows:
    a. The current deadline for filing an exhaustion motion is May 5, 2025;

b. The deadline for the completion of discovery was vacated pending final determination of Defendants' anticipated exhaustion motion by the assigned district judge. The deadline will be reset later, if necessary; and

c. The deadline for the filing of a dispositive motion was vacated pending final determination of Defendants' anticipated exhaustion motion by the assigned district judge. The deadline will be reset later, if necessary.

IT IS SO ORDERED.

Dated: **April 28, 2025**

UNITED STATES MAGISTRATE JUDGE