UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID WAYNE WILSON,<br><br>            Plaintiff,<br><br>      v.<br><br>LURA MERRITT, et al.,<br><br>            Defendants. | Case No.: 1:22-cv-00455-JLT-CDB (PC)<br><br>**ORDER GRANTING DEFENDANTS'<br>MOTION FOR A PROTECTIVE ORDER<br>AND A PARTIAL STAY OF DISCOVERY**<br><br>(Doc. 92) |

Plaintiff David Wayne Wilson is proceeding pro se and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. section 1983. This action proceeds on Plaintiff's Eighth Amendment deliberate indifference to serious medical needs claims against Defendants Correa,[1] Merritt and Carlson; (2) First Amendment retaliation claim against Merritt; (3) Fourteenth Amendment equal protection clause violation against Carlson; and (4) state law equal protection clause violation against Carlson.

### I.      RELEVANT BACKGROUND

On March 10, 2025, the Court issued its Order Granting in Part Defendants' Ex Parte Application to Modify the Discovery and Scheduling Order. (Doc. 86.) Specifically, the Court extended the deadline for filing an exhaustion-based summary judgment motion to May 5, 2025,

---

[1] "Defendant Correa is sued under the name 'Fishburn.'" (*See* Doc. 53 at 1, n.1 [Defendants' Answer to Plaintiff's First Amended Complaint].)

and vacated the deadlines for the completion of discovery and for the filing of a summary judgment motion addressing the merits of the claims. (*Id.* at 3.) The Court stated those "deadlines will be reset, if necessary, following determination of Defendants' anticipated exhaustion motion by the assigned district judge." (*Id.*)

On April 30, 2025, Defendants Correa and Merritt filed a motion for partial summary judgment alleging Plaintiff failed to exhaust his administrative remedies. (Doc. 90.) Plaintiff filed an opposition (Doc. 94), and Defendants replied (Doc. 99).

On May 22, 2025, Defendants filed a motion for protective order and a partial stay of discovery. (Doc. 92.) Plaintiff did not file an opposition to Defendants' motion. (*See* docket, generally.)

On January 23, 2026, the undersigned issued Findings and Recommendations to Deny Defendant Correa's Motion for Partial Summary Judgment Re Exhaustion and to Grant in Part and Deny in Part Defendant Merritt's Motion for Partial Summary Judgment Re Exhaustion. (Doc. 101.) The parties were advised any objections were to be filed within 14 days. (*Id.* at 30.) As of today's date, the objection period has not yet passed, and in any event, the Findings and Recommendations will ultimately be decided by the assigned district judge.

## II.    DISCUSSION

### *Defendants' Motion (Doc. 92)*

Defendants seek a protective order relieving them of their obligation to respond to Plaintiff's first sets of interrogatories and allowing Plaintiff to serve Defendants with interrogatories that comply with Rules 26(b) and 33(a)(1) of the Federal Rules of Civil Procedure.

Defendants state that Plaintiff has served a total of 268 interrogatories, counting their subparts, to Defendants. They assert the interrogatories exceed the scope of permissible discovery because the claims at issue concern only four treatment visits. Defendants maintain Plaintiff's interrogatories far exceed the limit imposed by Rule 33(d)(1) "which alone warrants a protective order." For example, as concerns Defendant Correa, Plaintiff served "twenty-three interrogatories including may subparts, totaling eight-eight interrogatories." Defendants contend

many of the interrogatories are overly broad and unduly burdensome, compound, or irrelevant. Defendants provide several examples to support their assertions that the interrogatories are overly broad and burdensome, compound, and/or irrelevant. Defendants further state Plaintiff's interrogatory number 2 concerns Plaintiff's second amended complaint "which is not operative."

Defendants seek a stay of all discovery between Plaintiff and Defendant Correa, noting Correa has moved for summary judgment based on Plaintiff's failure to exhaust his claim against her, and that if the motion is granted, Correa no longer would be a defendant and the discovery at issue would be unnecessary and moot. Defendants assert the requested stay would advance the Court's interest in efficiency by relieving Correa of her obligation to respond to discovery that may be unnecessary and "would moot any additional discovery propounded to Defendant Correa."

### *Applicable Legal Standards*

District courts have broad discretion to manage discovery and to control the course of litigation under Federal Rule of Civil Procedure 16. *Hunt v. County of Orange*, 672 F.3d 606, 616 (9th Cir. 2012). The purpose of discovery is to "remove surprise from trial preparation so the parties can obtain evidence necessary to evaluate and resolve their dispute." *United States v. Chapman Univ.*, 245 F.R.D. 646, 648 (C.D. Cal. 2007) (quotation & citation omitted). "Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense …." Fed. R. Civ. P. 26(b)(1).

Information need not be admissible in evidence to be discoverable. Fed. R. Civ. P. 26(b)(1). *See, e.g.*, *Ford v. Unknown*, No. 2:21-cv-00088-DMG-MAR, 2023 WL 6194282, at *1 (C.D. Cal. Aug. 24, 2023) ("Defendants are permitted to discover inadmissible information and bear the risk of asking questions at a deposition that could ultimately be useless at trial"). "Evidence is relevant if: (a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action." Fed. R. Evid. 401. Although relevance is broadly defined, it does have "ultimate and necessary boundaries." *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 350-51 (1978).

Federal Rule of Civil Procedure 26(c), which authorizes the Court to enter protective

3

orders, "was enacted as a safeguard for the protection of parties and witnesses in view of the broad discovery rights authorized in Rule 26(b)." *United States v. Columbia Broad. Sys., Inc.*, 666 F.2d 364, 368-69 (9th Cir. 1982). Rule 26(c) states in relevant part that for good cause shown, the court may make an order to protect a party or person from "annoyance, embarrassment, oppression, or undue burden or expense." Fed R. Civ. P. 26(c).

Generally, the public can gain access to litigation documents and information produced during discovery unless the party opposing disclosure shows 'good cause' why a protective order is necessary." *Phillips ex rel. Estates of Byrd v. Gen. Motors Corp.*, 307 F.3d 1206, 1210 (9th Cir. 2002). To satisfy the "good cause" standard, the party seeking a protective order must explain the specific prejudice or harm that will result if the information is not protected. *Id.* at 1211. Generalized statements of harm are not enough. *Beckman Indus, Inc. v. Int'l Ins. Co.*, 966 F.2d 470, 476 (9th Cir. 1992); *In re Roman Catholic Archbishop of Portland in Oregon*, 661 F.3d 417, 424 (9th Cir. 2011). Once the moving party makes this showing, the burden shifts to the nonmoving party to show that the information is relevant to a party's claims or defenses or the subject matter of the lawsuit and is necessary to prepare the case for trial. *Id*. *See Edwards v. California Dairies, Inc.*, No. 1:14-mc-00007-SAB, 2014 WL 2465934, at *5 (E.D. Cal. June 2, 2014) (characterizing the shifted burden as "substantial need"); *Stanislaus Food Products Co. v. U.S.S-POSCO Industries*, No. 1:09-cv-00560-LJO-BAM, 2012 WL 6160468, at *5 (E.D. Cal. Dec. 11, 2012); *Nutratech, Inc. v. Syntech (SSPF) Intern., Inc.*, 242 F.R.D. 552, 554-55 (C.D. Cal. 2007).

"While the Ninth Circuit has not announced a clear standard against which to evaluate a request or motion to stay discovery in the face of a pending, potentially dispositive motion, varying tests have been applied by the California district courts. One test considers: (1) whether the pending motion is potentially dispositive of the entire case, or at least dispositive on the issue at which discovery is aimed; and (2) whether the pending, potentially dispositive motion can be decided absent additional discovery. Under this test, a protective order is appropriate where the moving party satisfies these two prongs, but discovery should proceed if either prong of the test is not met." *Doe v. Rodriguez*, No. 1:22-cv-01569-JLT-SAB, 2023 WL 2794027, at *3 (E.D.

Cal. Apr. 5, 2023). "[D]etermining whether a stay of discovery pending the outcome of a dispositive motion is warranted requires a case-by-case analysis because the inquiry is necessarily fact-specific and depends on the particular circumstances and posture of each case." *Id*. at *4.

### *Analysis*

Here, as concerns a stay of discovery between Plaintiff and Defendant Correa, Defendants' motion is "at least dispositive on the issue at which discovery is aimed" because Plaintiff has propounded discovery to Defendant Correa and Correa has moved for summary judgment concerning Plaintiff's sole claim against her. While the undersigned has recommended the motion be denied as concerns that claim, the assigned district judge will issue a ruling in due course, after the objection period and submission of the motion for her determination. Further, because the undersigned's Findings and Recommendations issued January 23, 2026, addressed Defendants' potentially dispositive motion in the absence of additional discovery, Defendants have met the second prong of the relevant test (i.e., "whether the pending, potentially dispositive motion can be decided absent additional discovery").

The Court finds Defendants have met both prongs of the relevant test and will stay of discovery in this case, to the extent the parties have continued to engage in discovery following the Court's March 10, 2025, order vacating the deadlines for the completion of discovery and for the filing of a summary judgment motion addressing the merits of the claims. (Doc. 86 at 3.)

Next, the Court addresses Defendants' assertions that Plaintiff has propounded first sets of interrogatories to Defendants that exceed the number allowed by Rule 33.

"Unless otherwise stipulated or ordered by the court, a party may serve on any other party no more than 25 written interrogatories, including all discrete subparts." Fed. R. Civ. P. 33(a)(1). Although Rule 33(a) states that "discrete subparts" should be counted as separate interrogatories, it does not define that term. *Safeco Ins. Co. of Am. v. Rawstron*, 181 F.R.D. 441, 442–43 (C.D. Cal. 1998). However, "courts generally agree that 'interrogatory subparts are to be counted as one interrogatory ... if they are logically or factually subsumed within and necessarily related to the primary question.'" *Trevino v. ACB Am., Inc.*, 232 F.R.D. 612, 614 (N.D. Cal. 2006) (quoting

*Safeco*, 181 F.R.D. at 445). Determining whether the subparts of an interrogatory are discrete requires a case-specific and interrogatory-specific assessment. *Synopsys, Inc. v. Atoptech, Inc.*, 319 F.R.D. 293, 295 (N.D. Cal. 2016).

A review of the exhibits appended to Defendants' motion reveals many of Plaintiff's interrogatories contain discrete subparts or multiple subparts, causing the number of interrogatories to exceed the maximum of 25. (*See* Doc. 92 at 11-40 [Exhibits 1-3].) For example, Plaintiff seeks information from Defendants concerning prior employment, their job assignments, duties, and dates of reassignment or departure from those positions, and information concerning Defendants' high school and secondary education. Additionally, Plaintiff asks questions pertaining to procedures applicable to correctional staff, yet all Defendants are medical staff. Simply put, that information is not logically or factually subsumed within and necessarily related to the question of whether Defendants Correa, Merritt, and Carlson were deliberately indifferent to Plaintiff's serious medical needs. *See, e.g., Romero v. Los Angeles County*, No. CV 21-3972 SPG (PVCx), 2023 WL 11877304, at *11 (C.D. Cal. Oct. 4, 2023) (stating "even if the County could somehow generate the statistics Plaintiffs seek without undue effort, which the evidence before the Court has not shown, Plaintiffs still would not be entitled to responses to the vast majority of their requests as the subparts to these interrogatories would quickly exceed the total number of interrogatories presumptively authorized by Rule 33(a)(1) when properly counted as separate interrogatories"); *Ashley v. Moore*, No. CV 22-4909-DMG (KSx), 2023 WL 4209500, at *3 (C.D. Cal. May 11, 2023) (denying motion to compel, and stating in part: "As an initial matter, the Court finds that Interrogatory No. 10 exceeds the limit of 25 written interrogatories under Rule 26(a)(1) because Interrogatory No. 10 consists of 5 subparts seeking discrete information (e.g., education, government employment, qualifications for governmental employment, personal birthdates, residential addresses) about six individual Officer Defendants"); *Johnson v. Cate*, No. 1:10-cv-0803-AWI-MJS (PC), 2014 WL 6978324, at *5 (E.D. Cal. Dec. 9, 2014) (in denying motion to compel, the court held: "Thus, Interrogatory No. 4 contains at least 48 discrete subparts.1 The other contested Interrogatories, Nos. 2 and 5–11, also contain multiple discrete subparts. Plaintiff's interrogatories far exceed the number

6

permitted under Federal Rule of Civil Procedure 33. [¶] Plaintiff is permitted 25 interrogatories and thus, Defendant was required to respond to some of these. However, determining what, precisely, Defendant was required to respond to presents some difficulty. Additionally, the Court is unable to determine which of Defendant's objections may pertain to which subparts, and thus which objections may be meritorious. Thus, rather than granting Plaintiff's motion to compel, the Court will afford Plaintiff the opportunity to 'prioritize his inquiries and determine which interrogatories to again submit to defendant'"); *Gilmore v. Augustus*, No. 1:12-cv-00925-LJO-GSA-PC, 2014 WL 4354656, at *3 (E.D. Cal. Sept. 2, 2014) ("The court finds that Plaintiff exceeded the number of interrogatories permitted under Rule 33(a). While Plaintiff served only twenty-five numbered interrogatories, some of the interrogatories contained impermissible discrete subparts, causing Plaintiff to exceed more than twenty-five interrogatories. … For example, Plaintiff's Interrogatory No. 1 counts as two interrogatories because it contains two distinct subparts which are not necessarily related: (1) what duty was Defendant performing?' and (2) 'who accompanied Defendant?' In contrast, Interrogatory No. 3 counts as only one interrogatory because the three subparts - (1) 'where was Plaintiff located?', (2) 'where was Officer Torres located?', and (3) 'where was Officer Herrera located?' - are factually subsumed and necessarily related to the primary question, 'where were the individuals located when you observed the Plaintiff running towards Officer Torres and Officer Herrera?'").

For good cause shown, the Court will grant Defendants' request for a protective order relieving Defendants of their obligation to respond to Plaintiff's first sets of interrogatories. Fed R. Civ. P. 26(c); *Phillips*, 307 F.3d at 1211; *Beckman Indus, Inc.*, 966 F.2d at 476.

Plaintiff is not permitted to pose interrogatories in this action which are not relevant to any party's claim or defense in this action. Fed. R. Civ. P. 26(b)(1). The Court provides this admonishment because Plaintiff's interrogatories include requests that are not relevant to Plaintiff's claims here. As noted above, this action proceeds on Plaintiff's Eighth Amendment deliberate indifference to serious medical needs claims against Defendants all Defendants, First Amendment retaliation claim against Defendant Merritt, and federal and state law equal protection clause violations against Defendant Carlson. In any future interrogatories propounded

to Defendants, Plaintiff shall ensure all subparts to any interrogatory "'are logically or factually subsumed within and necessarily related to the primary question.'" *Trevino*, 232 F.R.D. at 614.

\* \* \* \* \*

This Court's Local Rule 251 requires a party intending to file a motion seeking discovery-related relief to first meet and confer with the opposing side to attempt to resolve the dispute informally. The Court expects the parties to comply with this rule and will require any party filing a discovery motion in the future to include with the motion a certification of completion of good faith meet and confer efforts and a summary of the results of those conferences.

### III.   CONCLUSION AND ORDER

1. Defendants' motion for a protective order and stay of discovery (Doc. 92) is **GRANTED**;

2. Defendants need not respond to Plaintiff's first sets of interrogatories propounded in March 2025; and

3. Discovery is **STAYED** between Plaintiff and Defendant Correa pending final determination of Defendants' partial motion for summary judgment by the assigned district judge. Thereafter, the undersigned will lift the stay of discovery and reset any deadlines as necessary.[2]

IT IS SO ORDERED.

Dated:   **February 3, 2026**

_____
UNITED STATES MAGISTRATE JUDGE

---

[2] Plaintiff may propound interrogatories to Defendants Merritt and Carlson that comply with the Federal Rules of Civil Procedure, and in particular, Rule 33 and discrete subparts, as well as Rule 401 of the Federal Rules of Evidence concerning relevancy.

8