

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID WAYNE WILSON,<br><br>Plaintiff,<br><br>v.<br><br>LURA MERRITT, et al.,<br><br>Defendants. | Case No.: 1:22-cv-00455-JLT-CDB (PC)<br><br>**ORDER DENYING PLAINTIFF'S MOTION FILED MAY 21, 2026**<br><br>(Doc. 106) |

Plaintiff David Wayne Wilson is proceeding pro se and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. section 1983.

## I.      RELEVANT BACKGROUND

On March 9, 2026, District Judge Jennifer L. Thurston issued her Order Adopting Findings and Recommendations to Deny Defendant Correa's Motion for Partial Summary Judgment Re Exhaustion and to Grant in Part and Deny in Part Defendant Merritt's Motion for Partial Summary Judgment. (Doc. 104.)

On March 10, 2026, the undersigned issued the Order Lifting Partial Stay of Discovery and Order Resetting Certain Discovery Deadlines. (Doc. 105.) Specifically, the deadline for the completion of discovery was set for June 19, 2026, and the deadline for filing dispositive motions concerning the merits of Plaintiff's claims was set for August 28, 2026. (*Id*. at 2.)

On May 21, 2026, Plaintiff filed a document titled "Plaintiff's Motion Objections to Exclude Defendant's Exhibit's 1 Through 14 Video and Deposition May 7 2026 for Immaterial to First Amended Complaint and Inadmissable [sic] Pursuant Fed. R. Civ. P 32(b), (c)." (Doc. 106.)

The Court finds a response by Defendants to be unnecessary and will deny the motion.

## II.    DISCUSSION

Rule 32 of the Federal Rules of Civil Procedure, concerning the use of depositions in Court proceedings, provides in part:

> (b)    **Objections to Admissibility**. Subject to Rules 28(b) and 32(d)(3),[1] an objection may be made at a hearing or trial to the admission of any deposition testimony that would be inadmissible if the witness were present and testifying.
>
> (c)    **Form of Presentation**. Unless the court orders otherwise, a party must provide a transcript of any deposition testimony the party offers, but may provide the court with the testimony in nontranscript form as well. On any party's request, deposition testimony offered in a jury trial for any purpose other than impeachment must be presented in nontranscript form, if available, unless the court for good cause orders otherwise.

Fed. R. Civ. P. 32(b)-(c).

Here, a trial has not been scheduled. Moreover, there is no hearing set in this action. At present, only the following deadlines have been set: discovery is to be completed no later than June 19, 2026, and dispositive motions are to be filed no later than August 28, 2026.

To the extent Plaintiff anticipates that Defendants will use certain exhibits,[2] presumably covered during Plaintiff's recent deposition in May of this year, in any future trial or hearing, the motion is premature. Again, the matter has not been set for trial or a hearing and Defendants have not filed a pretrial dispositive motion. In the event Defendants rely upon exhibits covered during Plaintiff's deposition in any future pretrial motion, Plaintiff will have an opportunity to properly address that evidence in an opposition brief. As concerns any evidence to be used at trial, if the

---

[1] Neither Rule 28(b), concerning depositions in foreign countries, nor Rule 32(d)(3), concerning the waiver of objections to a notice, disqualification of an officer, the taking of a deposition, or completing and returning the deposition, apply in these circumstances.

[2] In his 131-page filing, Plaintiff identifies fourteen exhibits that include an abstract of judgment, rule violation reports, and chronos.

2

matter is set for trial, a briefing schedule will be issued and will include a deadline for the filing of motions in limine. Until that time, Plaintiff's motion is premature and improper.

### III.   CONCLUSION AND ORDER

Accordingly, the Court **HEREBY ORDERS** that "Plaintiff's Motion Objections to Exclude Defendant's Exhibit's 1 Through 14 Video and Deposition May 7 2026 for Immaterial to First Amended Complaint and Inadmissable Pursuant Fed. R. Civ. P 32(b), (c)" (Doc. 106) is **DENIED**.

IT IS SO ORDERED.

Dated:   **May 26, 2026**

UNITED STATES MAGISTRATE JUDGE

3